

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KG CORNWALL, LLC.,
One Shinev Court
Monroe, New York 10950

        Plaintiff,

    - against -

BEAZER HOMES CORP.
275 Phillips Boulevard
Trenton, New Jersey 08618

        Defendant.
------------------------------------------------------------------X

Case No.: 07 CIV. 2881

COMPLAINT

BRIEANT

    Plaintiff KG CORNWALL, LLC., by and through its attorneys, DORFMAN KNOEBEL & CONWAY, LLP., complaining of Defendant BEAZER HOMES CORP., alleges as follows, upon personal knowledge as to their own acts and upon information and belief as to all other matters:

### JURISDICTION

    1. The jurisdiction of this Court is invoked pursuant to 28 USC § 1332 (a) as there is diversity of citizenship between plaintiffs and defendants and the amount in controversy, exclusive of interest and costs, is in excess of the sum of Seventy Five Thousand Dollars ($75,000.00).

    2. Venue is proper pursuant to 28 USC § 1391 (a)(2) as a substantial part of the acts giving rise to the claim occurred in this judicial district and the property located in the Town of New Windsor, County of Orange, which was the subject matter of the written agreement is situated in this judicial district.

## NATURE OF ACTION

3. Plaintiffs bring this action to recover damages sustained as a result of Defendant's breach of real estate contract and conversion of funds of sale to sell real property.

4. This is an action for monetary damages arising out of a breach of a written agreement executed by KG CORNWALL, LLC and BEAZER HOMES CORP. on May 31, 2005.

## THE PARTIES

5. Plaintiff KG CORNWALL, LLC. ("Plaintiff" or "KG CORNWALL") is a New York Limited Liability Company having its principal office located at One Shinev Court, Monroe, New York.

6. Defendant BEAZER HOMES CORP. ("BEAZER ") is a Tennessee Corporation having its principal place of business located at 1000 Abanathy Road, Suite 1000, Atlanta, Georgia.

## PROPERTY

7. KG CORNWALL is the owner in fee simple of certain real property located in the Town of New Windsor, County of Orange, State of New York, known as Town of New Windsor Tax Map Section 65 Block 1 Lots 56.11 and 56.1 (the "property").

## FACTS

8. On May 31, 2005 KG CORNWALL and BEAZER entered into a written Agreement of Sale to sell the Property (the "Agreement").

9. That the Agreement required BEAZER to deliver to the escrow agent, a letter of credit in the sum of $150,000.00 to be held in escrow pending the closing.

10. That the Agreement initially provided for a ninety (90) day due diligence period.

11. That the agreement due diligence period was thereafter extended.

12. That on September 26, 2005 BEAZER sent written notice that it waived due diligence.

13. That on or about September 30, 2005 BEAZER delivered a $150,000 letter of credit to the escrow agent that specifically provided:

> "THE AMOUNT DRAWN REPRESENTS FUNDS DUE AND OWING PURSUANT TO THE AGREEMENT BETWEEN KG CORNWALL, LLC AND BEAZER HOMES CORP. BEAZER HOMES CORP. HAS FAILED TO COMPLY WITH THE TERMS AND CONDITIONS OF THE CONTRACT/AGREEMENT DATED MAY 31,L 2005. WE HEREBY DEMAND THE AMOUNT OF USD _____ UNDER JPMORGAN CHASE BANK, N.A. LETTER OF CREDIT NUMBER CPCS-205054."

14. That in reliance of the representations of BEAZER contained in the Contract, KG CORNWALL has expended substantial funds in connection with obtaining required approvals.

15. That in reliance of the Agreement, KG CORNWALL acquired the Property, KG CORNWALL did not offer the Property for sale to other purchasers and KG CORNWALL refused offers from third parties to purchase the Property.

16. That BEAZER intentionally and willfully failed to maintain the letter of credit of $150,000.00 as required under the Agreement.

17. That KG CORNWALL complied with all terms and conditions of the Agreement.

18. That BEAZER failed to comply with its obligations under the Agreement despite repeated requests by KG CORNWALL and its representatives.

19. That KG CORNWALL by its attorney on February 9, 2007 sent a time of the essence letter scheduling the closing in accordance with the Agreement for February 21, 2007 at 11:00 a.m.

20. That at no time prior to the scheduled closing did BEAZER or its representatives contact KG CORNWALL.

21. That at the time of closing KG CORNWALL executed the deed and all necessary recording documents and was ready, willing and able to close in accordance with the Agreement.

22. That BEAZER failed to and willfully defaulted in closing.

23. That after the scheduled closing representatives of BEAZER notified representatives off KG CORNWALL that BEAZER intended to violate the terms of the Agreement.

24. That BEAZER disclosed to KG CORNWALL after the closing that it failed to maintain the $150,000 letter of credit in accordance with the Agreement and unlawfully received $150,000 from escrow.

## FIRST COUNT

25. Plaintiff/KG CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "24" as if fully set forth herein.

26. That as a result of the breach of the Agreement BEAZER, KG CORNWALL has been damaged in the sum of $5,000,000.00 and continues to incur damages.

27. That KG CORNWALL is entitled to reimbursement of the legal fees as a result of the Defendant's breach of the Agreement.

28. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $5,000,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

## SECOND COUNT

29. Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "28" as if fully set forth herein.

30. That after BEAZER disclosed it failed to extend the letter of credit and comply with the Agreement, KG CORNWALL demanded BEAZER replace the letter of credit.

31. That BEAZER has failed to replace the $150,000 letter of credit its representations.

32. That KG CORNWALL has been damaged in the sum of $150,000.

33. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $5,000,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

### THIRD COUNT

34. Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "33" as if fully set forth herein.

35. That BEAZER converted $150,000 by the removal of the letter of credit from escrow.

36. Plaintiff has been damaged in the sum of $150,000.

37. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $150,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

### FOURTH COUNT

38. Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "35" as if fully set forth herein.

39. That BEAZER knowingly misrepresented its intention to maintain the letter of credit.

40. That KG CORNWALL relied on BEAZER's misrepresentations.

41. That KG CORNWALL has been damaged in the sum of $5,000,000.

42. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $5,000,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

### ON THE FIRST COUNT:

A. against all Defendants, actual damages in an amount to be proven at trial but not less than $5,000,000.00 plus interest, costs and attorneys;

B. attorney's fees and costs; and

C. such other, further and different relief as to this Court deems just, proper and equitable.

### ON THE SECOND COUNT:

A. against all Defendants, actual damages in an amount to be proven at trial but not less than $150,000.00 plus interest, costs and attorneys;

B. attorney's fees and costs; and

C. such other, further and different relief as to this Court deems just, proper and equitable.

### ON THE THIRD COUNT:

A. against all Defendants, actual damages in an amount to be proven at trial but not less than $5,000,000.00 plus interest, costs and attorneys;

B. attorney's fees and costs; and

C. such other, further and different relief as to this Court deems just, proper and equitable.

Dated: March 14, 2007
Nyack, New York

Yours, etc.,

_____
BURTON I. DORFMAN, ESQ.[BD5865]
**DORFMAN KNOEBEL & CONWAY, LLP**
Attorneys for Plaintiffs
51 North Broadway