# DORFMAN, KNOEBEL & CONWAY, LLP

ATTORNEYS AT LAW

51 NORTH BROADWAY

NYACK, NEW YORK 10960

(845) 353-3500

FAX
(845) 353-3529

BURTON I. DORFMAN
ROBERT S. KNOEBEL, JR.*
KEVIN T. CONWAY **

JOSEPH S. SCARMATO
DEBORAH A. QUINN

MEMBER NY & NJ BAR *
MEMBER NY, NJ & CT BAR **

130 WILLIAMS STREET
SUITE 710
NEW YORK, NEW YORK 10038

126 STATE STREET
HACKENSACK
NEW JERSEY 07601

NO FAX OR SERVICE ACCEPTED

January 3, 2008

Via Facsimile 914-390-4077 and Express Mail

Honorable Charles L. Brieant
United States Courthouse for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: <u>KG Cornwall, LLC. vs. Beazer Homes Corp., Index No. 07 Civ. 2881</u>

Dear Judge Brieant,

  We represent Plaintiff KG Cornwall, LLC. and write in opposition to defense counsel's January 2, 2008 written request to this Court to hold in abeyance depositions that were scheduled at the December 7, 2007 appearance before this Court pending further determination of defendant Beazer's motion for disqualification and partial summary judgment. Counsel's stated reason for the request is inaccurate, misleading and a tactic to delay discovery in the above referenced case.

  Initially, at the December 7, 2007 conference I appeared with Ms. Hagemeier at which time this Court made a tight schedule of disclosure to be completed by January 11, 2008. Moreover, at the December 7, 2007 Court conference, while Ms. Hagemeier made it clear that she did not want to conduct discovery in an expedited manner, she failed to advise counsel or this Court at the aforesaid conference, at which time the discovery schedule was set, that she planned on bringing the aforesaid motion.

  It should also be brought to this Court's attention that Defendants have **not** listed Mr. Dorfman as a witness in either their initial disclosure pursuant to Federal Rules of Civil Procedure 26(a) or in their most recent Responses to Plaintiff's Demand for Witness Information dated December 14, 2007. At all times Defendant's were aware that Mr. Dorfman was the attorney for KG Cornwall, LLC. and escrow agent in the underlying transaction. In addition, Plaintiff's have not listed Mr. Dorfman as a witness in their Rule 26(a) initial disclosure or in response to Defendant's demand for witness information.

Page 2: KG Cornwall, LLC. vs. Beazer Homes Corp., Index No. 07 Civ. 2881

  This case proceeded through a lengthy mediation; all the while, Ms. Hagemeier was fully aware that Mr. Dorfman was the closing attorney for plaintiff as well as escrow agent. Certainly, an attorney representing a seller and actiong as escrow agent is not, in and of itself, a conflict. To date, opposing counsel has not advanced any offer of proof that Mr. Dorfman as escrow agent would in any manner offer testimony against his client's interests.

  Notwithstanding the aforementioned, we remain ready, willing and able to produce all witnesses as requested by Ms. Hagemeier and to do so prior to the initially scheduled Court conference of January 11, 2008. We were just informed that the Court conference was adjourned to January 25th, 2008 (even after having advised Ms. Hagemeier that we would not consent to an adjournment; a fact omitted from her January 2nd, 2008 letter to this court.) It should also be noted that on December 20th, 2007 this firm advised Ms. Hagemeier that while we did respond to lengthy demands for documents we were not in possession of her demand for interrogatories. This demand for interrogatories consists of only eight (8) posed questions, which was only provided to this office as of yesterday's date; which we are serving our response today.

  Based upon the foregoing, we respectfully request the Court deny Ms. Hagemeier's application to delay the previously set discovery schedule, and that the depositions proceed as scheduled this Monday, January 7, 2008.

Very truly yours,<br><br>Kevin T. Conway    [KG 3347]

Cc: Luisa K. Hagemeier (212)798-6354