# Exhibit "N"

# DORFMAN, KNOEBEL & CONWAY, LLP
### ATTORNEYS AT LAW
### 51 NORTH BROADWAY

BURTON I. DORFMAN
ROBERT S KNOEBEL, JR. *
KEVIN T. CONWAY **

JOSEPH S. SCARMATO
DEBORAH A. QUINN

NYACK, NEW YORK 10960

(845) 353-3500

FAX
(845) 353-3529

130 WILLIAMS STREET
SUITE 710
NEW YORK, NEW YORK 10038

NO FAX OR SERVICE ACCEPTED

MEMBER NY & NJ BAR *
MEMBER NY, NJ & CT BAR **

February 26, 2007

***Via facsimile: (609)890-6961***

TEICH GROH
691 State Highway 33
Mercerville
Trenton, NJ 08619-4407

Attention: Alan G. Frank, Jr., Esq.

         Re: KG Cornwall, LLC/Beazer Homes Corp.

Dear Mr. Frank:

  This letter is written in response to your letter dated February 21, 2007 that was faxed to my office at 11:40 a.m. on same date. Please be advised that your correspondence, as well as your client's conduct with respect to the Contract of Sale dated May 31, 2006, is, to say the least, improper.

  Initially, it was quite shocking that there has been no prior correspondence from your office concerning the Time of the Essence Closing scheduled at 11:00 a.m. on February 21, 2007 since your client's waiver of due diligence on **September 26, 2005**. Your reference to the non-existent title exception which I am only to presume to have been raised by Hill-N-Dale Title Abstract that was **never** provided to this office.

Alan G. Frank, Jr., Esq.
February 26, 2007
PAGE TWO


    It is quite apparent that this "after-the-fact" non-existent exception is without merit due to the fact that your client was well aware that Mr. Abe Goldberger was a principal of Sun-Gold and title was taken pursuant to the Contract referred in the Memorandum. That all interest in Sun-Gold was assigned to Mr. Goldberger on **July 10, 2003** by Jamie Dresner. That Mr. Goldberger as principal of both Sun-Gold and KG Cornwall, LLC, assigned the rights to the Contract to KG Cornwall and KG Cornwall took title to the property pursuant to the Contract that is subject to the Memorandum on May 1, 2006.

    Your client was also fully informed that my client took title on May 1, 2006. In fact, ¶13(a) specifically reflects that KG Cornwall was a contract vendee at the time it entered into the Contract on May 31, 2005. That my client was ready, willing and able to tender the executed Deed on February 21, 2007, prior to receipt of your letter. In addition any and all documents required by Hill-N-Dale as to the non-existent exception would have been provided.

    Furthermore, your client has no authority to request the return of the Letter of Credit. Your client does have the obligation of providing a Letter of Credit and did so and it was believed that the Letter of Credit had been extended. However, it appears your client committed an unlawful act of removing the down payment from my escrow. Therefore, unless the sum of $150,000 is received by my office by wire transfer or bank check by March 2, 2007, my client will bring appropriate action in the proper forums.

    Thanking you for your anticipated cooperation.

                               Very truly yours,

                               BURTON I. DORFMAN

BID:cz

cc: Chase Bank

```
* * *  COMMUNICATION RESULT REPORT ( FEB. 26. 2007 10:15AM )  * * *
                                                                    FAX HEADER 1:
                                                                    FAX HEADER 2:
TRANSMITTED/STORED : FEB. 26. 2007 10:14AM
FILE MODE          OPTION          ADDRESS              RESULT       PAGE
-------------------------------------------------------------------------------
1584 MEMORY TX                     6098906961           OK           2/2

-------------------------------------------------------------------------------
REASON FOR ERROR
    E-1) HANG UP OR LINE FAIL          E-2) BUSY
    E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
```

# DORFMAN, KNOEBEL & CONWAY, LLP

ATTORNEYS AT LAW
51 NORTH BROADWAY
NYACK, NEW YORK 10960
(845) 353-3500
FAX
(845) 353-3529

BURTON I. DORFMAN
ROBERT S. KNOEBEL, JR.*
KEVIN T. CONWAY **

JOSEPH S. SCARMATO
DEBORAH A. QUINN

130 WILLIAMS STREET
SUITE 710
NEW YORK, NEW YORK 10038

NO FAX OR SERVICE ACCEPTED

MEMBER NY & NJ BAR *
MEMBER NY, NJ & CT BAR **

February 26, 2007

**_Via facsimile: (609)890-6961_**

TEICH GROH
691 State Highway 33
Mercerville
Trenton, NJ 08619-4407

Attention: Alan G. Frank, Jr., Esq.

            Re:  KG Cornwall, LLC/Beazer Homes Corp.

Dear Mr. Frank;

  This letter is written in response to your letter dated February 21, 2007 that was faxed to my office at 11:40 a.m. on same date. Please be advised that your correspondence, as well as your client's conduct with respect to the Contract of Sale dated May 31, 2006, is, to say the least, improper.

  Initially, it was quite shocking that there has been no prior correspondence from your office concerning the Time of the Essence Closing scheduled at 11:00 a.m. on February 21, 2007 since your client's waiver of due diligence on **September 26, 2005**. Your reference to the non-existent title exception which I am only to presume to have been raised by Hill-N-Dale Title Abstract that was **never** provided to this office.