# Exhibit "S"

## DORFMAN, KNOEBEL & CONWAY, LLP
ATTORNEYS AT LAW
51 NORTH BROADWAY
NYACK, NEW YORK 10960

(845) 353-3500

FAX
(845) 353-3529

BURTON I. DORFMAN
ROBERT S. KNOEBEL, JR.*
KEVIN T. CONWAY**

JOSEPH S. SCARMATO
DEBORAH A. QUINN

130 WILLIAMS STREET
SUITE 710
NEW YORK, NEW YORK 10038

NO FAX OR SERVICE ACCEPTED

MEMBER NY & NJ BAR *
MEMBER NY, NJ & CT BAR **

January 30, 2007

BEAZER HOMES CORP.
275 Philips Boulevard
Trenton NJ 08618

Attention: Richard S. Israel, Esq.

                      Re:    KG Cornwall, LLC to Beazer Homes Corp.

Dear Mr. Israel:

      Enclosed herein please find the following with respect to your letter dated January 23, 2007:

1. August 9, 2006 Planning Board Minutes;
2. Resolution adopting Sewer Extension 2 of Sewer District 19;
3. With respect to your request pertaining to the dam permit, the non-appealable resolution does not require the issuance of the dam permit to commence site improvement construction and/or issuance of CO's;
4. With respect to your request for items 3,4,6,7 and 9, a letter from the Town Engineer will be forwarded to you by separate correspondence;
5. The fees are Beazer's responsibility in accordance with the Contract.

5

Richard S. Israel, Esq.
January 30, 2007
Page Two

      The requirement for the bond has been waived to commence construction. The only bonding that will be required will be a completion bond prior to CO's being issued.

      Finally, your client's failure to pay the fees in accordance with the Contract is delaying the closing and shall be deemed in default if not paid by February 5, 2007.

      Very truly yours,

      BURTON I. DORFMAN

BID:cz

enc.

August 9, 2006                                          32


BENEDICT_POND_SENIOR_PROJECT_(02-30)

Robert DiNardo, Esq. appeared before the board for this proposal.

MR. ARGENIO: Senior housing project, application involves development of the 52.5 acre parcel into 120 unit age restricted multi-family development including 30 quadplex buildings. Plan was previously reviewed at 9 October, 2002, 14 May, 2003, 23 July, 2003, 8 October, 2003, 8 December, 2004, 27 April 2005, 26 July, 2006 planning board meetings. Myra, same Christmas card. And he's here in front of us tonight, Mr. DiNardo, you were here a few weeks ago, we talked about some things, one of the things I said that you are in an unfortunate position of spanning two administrations but I'm sorry, sir, I can't help you with that. You had to do some things when you left here, we gave you some direction, can you bring us up to speed please?

MR. DINARDO: Yes, there were two issues, they were the number and location of the dumpsters and the size of the clubhouse. Those changes have been made, we were fortunate to get in a workshop and discuss them, plan changes have been made, the only plan I have put up is one page to illustrate what those changes are. I hope you can see them from there. The clubhouse has been increased to 4,000 square feet, frankly, the builder said that's what it was supposed to be, why did you have it smaller, miscommunication on our part and it was good that it was picked up. To accommodate that increased size there are 20 additional parking stalls in the immediate vicinity of the clubhouse and then the other changes are the addition of three dumpsters there, there and there. Essentially, that's it.

MR. ARGENIO: One thing I want to add for the members of the public there are some people in the audience who do come to a lot of meetings, one of the concerns as

August 9, 2006                                                    33

you remember was the seniors with their refuse
disposal, well, it's been brought to our attention
subsequent to the last meeting, I don't know why it
wasn't brought to our attention at the last meeting,
but that's a different issue, that this senior project
proposes curb side pickup which I think is a great idea
and quite honestly in my mind when we're talking about
senior housing a few weeks ago I really didn't
understand how you can have dumpster enclosures with
seniors, maybe they have grandchildren that they can
take the garbage out, I don't know. The centers that
you see here, Hank, are recycling centers, so the
garbage pickup, Joe, is at curb side and the units that
they put in are recycling centers. So I think that was
a good thing that Neil quite honestly picked up on and
I think that's good, I think Mr. Van Leeuwen was the
one who picked up on the clubhouse and that's also I
think a good improvement. Certainly at this time if
anybody has any other questions or comments I certainly
would like to hear from them.

MR. SCHEIBLE: So I'm just catching up here, you just
said we're adding three more dumpster units?

MR. BABCOCK: Recycling units, three more recycling
units.

MR. DINARDO: That was the language we used at the last
meeting, I should of corrected it.

MR. SCHEIBLE: The clubhouse is going to have curb side
pickup as well no dumpster?

MR. EDSALL: There's a separate enclosure just for the
clubhouse so they could have both in that center, both
garbage and recycling, they've got one of the things we
worked out at the workshop is to have additional
recycling centers added so if there's an enclosure just
for the clubhouse.

August 9, 2006                                                  34


MR. ARGENIO: Howard?

MR. BROWN: And the recycling are they going to be landscaped or anything?

MR. ZEPPONE: Short answer is yes, one of the pages has a detail, it's a stone structure like a base and columns with a roof and in front of it and around it are landscaping plantings. Al Zeppone, we're the engineers for the project.

MR. MINUTA: There's a detail here now you say it's a stone wall with a roof? I'm envisioning that there's going to be an area above that that's clear?

MR. ZEPPONE: That's correct, the walls come up higher to obscure the vision of the dumpsters.

MR. ARGENIO: Can you tell me I'm going to read this to you, Mark, I want some input from you, the board is reminded that prior to stamping approval the lot line change must be stamped and recorded at the county, the application provides appropriate verification to the attorney for the planning board before the site plan drawings are stamped. I'm asking myself why isn't that--

MR. EDSALL: It's already been approved by this board. Myra advises that the plans are not stamped and filed yet.

MR. DINARDO: I can give you some information on that, Mr. Chairman. The lot lines were changed as you recall to make Mr. Satterly and the McCaster properties more regular, they were oddly shaped at the same time they gave an easement to the Town for water or sewer, Mark?

MR. EDSALL: Water.

MR. DINARDO: For water easement so all of the legal

August 9, 2006                                                                 35

documents were prepared and sent to Mr. Crotty's office which would have been the deed to these families from the owner and in exchange the easement from these families to the Town. Everything's been signed, sealed and delivered, Phil's preference was to exchange those as if it were a closing which I guess it is at the same time that there was dedication documents to the Town that have also been delivered, they just haven't been released and I have talked to Mr. Blythe about this.

MR. ARGENIO: I don't understand why it's not done, that's a long period of time.

MR. DINARDO: It was Mr. Crotty's preference to delay that until this was finished and in order for this to accomplish this we have to do the two lot adjustment first because this shows the after condition that's basically it.

MR. ARGENIO: I'm not panicked, just curious why it's not been done.

MR. DINARDO: We were prepared to do it immediately after but Phil preferred to do it that way and that was fine.

MR. EDSALL: Mr. Chairman, Myra just makes light of the fact that because of the delay in filing it which was not the applicant's choice it was the preference of the Town attorney as to procedurally hold off it would appear that the lot line change approval for application 04-35 has elapsed. So now knowing that from Myra pointing it out I would suggest that you take action tonight to reapprove the lot line change application 04-35 such that that's a fresh approval and they can make the necessary filing.

MR. DINARDO: Being more than a year timeframe, I guess.

August 9, 2006                                                          36

MR. ARGENIO: I don't have a problem with that. Mark, we need to reapprove the lot line change?

MR. EDSALL: The record is clear there's no technical reason why it wasn't filed, it was a preference to the Town, just reapprove it.

MR. ARGENIO: Motion to that effect.

MR. MINUTA: So moved.

MR. SCHLESINGER: Second it.

MR. ARGENIO: Motion has been made and seconded that the Town of New Windsor Planning Board reapprove lot line change 04-35 for Benedict Pond. If there's no further discussion, roll call.

ROLL CALL

| MR. SCHEIBLE | AYE |
| MR. BROWN | AYE |
| MR. MINUTA | AYE |
| MR. SCHLESINGER | AYE |
| MR. ARGENIO | AYE |

MR. ARGENIO: We have a negative dec as I said before on these larger project, we're now drafting formal negative decs and if anybody agrees that we should accept their document as written, I will accept a motion to that effect.

MR. SCHLESINGER: I will make a motion.

MR. ARGENIO: So we're not going to accept the negative dec resolution?

MR. SCHEIBLE: I was just reading it.

MR. MINUTA: I'm in the same mode.

August 9, 2006                                                               37

MR. EDSALL: Just so you know it might help to know what generated this. The applicant's preference was that the record be clear and that a formal resolution be available for you gentlemen. The resolution draft was prepared by the applicant's attorney's office, they sent it to me, I edited it, made sure that it didn't say more than it should and didn't say less than it should and I just made sure that it was consistent with how this board operates.

MR. ARGENIO: Again, if we need to sit here for 10 minutes or 15 minutes while you guys review it, I have absolutely no problem with it and at this point in time motion has been made that we accept it as written.

MR. SCHEIBLE: If Mr. Edsall has put his signature to it and I put full faith in Mr. Edsall's signature, if he signed it, I'll second the motion.

MR. ARGENIO: Motion has been made and seconded that the Town of New Windsor Planning Board accept the negative declaration as written. If there's no further discussion from the board members, roll call.

ROLL CALL

| MR. SCHEIBLE     | AYE |
| MR. BROWN        | AYE |
| MR. MINUTA       | AYE |
| MR. SCHLESINGER  | AYE |
| MR. ARGENIO      | AYE |

MR. EDSALL: The second resolution is a site plan approval resolution, again, the draft was submitted by the applicant's attorney, all the bullets that are in here on the page 2 of the resolution are conditions that I generated and added into the resolution, none of these reflect problems with the application, it reflects procedural issues.

August 9, 2006          38

MR. DINARDO: And I believe several of them have been complied with already but it was mark's preference that we have them all, inclusive list, and that's fine with us.

MR. EDSALL: At least three if not four or five have been already taken care of but no big deal.

MR. ARGENIO: As you gentlemen go through that if in some point in time somebody feels we can adopt that resolution for conditional approval I'll accept a motion but certainly we're not rushing you.

MR. MINUTA: Make a motion.

MR. SCHEIBLE: I will second it.

MR. ARGENIO: Motion has been made and seconded that the Town of New Windsor Planning Board adopt the resolution for conditional approval for the Benedict Pond senior project on Mount Airy Road. If there's no further discussion from the board members, I will have a roll call.

ROLL CALL

| MR. SCHEIBLE    | AYE |
| MR. BROWN       | AYE |
| MR. MINUTA      | AYE |
| MR. SCHLESINGER | AYE |
| MR. ARGENIO     | AYE |

MR. ARGENIO: Thank you.

## MOTION – ADOPT ESTABLISHMENT OF EXTENSION 2 OF SEWER DISTRICT 19 (BENEDICT POND)

MOTION BY COUNCIL: _Weyant_

SECONDED BY COUNCIL: _Bisacetti_

The Town Board of the Town of New Windsor adopt the establishment of extension 2 of sewer district 19 (Benedict Pond), pursuant to Article 12 of the Town Law and in accordance with the Resolution attached hereto.

ROLL CALL: _all ayes_    MOTION CARRIED: 5-0

Town Board Agenda:    October 4, 2006

RESOLUTION OF THE TOWN OF NEW WINDSOR, NEW YORK, ADOPTED OCTOBER 4, 2006, APPROVING THE ESTABLISHMENT OF EXTENSION NO. 2 TO SEWER DISTRICT NO. 19, IN SAID TOWN, AND THE ACQUISITION OF THE SEWER IMPROVEMENT, IF ANY, TO BE CONSTRUCTED THEREIN.

Recitals

WHEREAS, the Town Board of the Town of New Windsor (herein called "Town Board" and "Town," respectively), in the County of Orange, New York, has received a petition, pursuant to Section 191 of the Town Law, for the establishment of Extension No. 2 to Sewer District No. 19, (the "Extension"), which petition is signed by the owners of taxable real property situate in the proposed district, owning in the aggregate at least one-half of the assessed valuation of all the taxable real property of the proposed Extension, as shown upon the latest completed assessment-roll of said Town, and, if there be resident owners, including the signatures of resident owners of taxable real property owning taxable real property aggregating at least one-half of the assessed valuation of all the taxable real property of the proposed extension, owned by resident owners according to the latest completed assessment roll, and was accompanied by a map and plan prepared by Engineering & Technical Resources, Inc., competent engineers duly licensed by the State of New York, relating to the establishment of the Extension and the acquisition by gift of the Sewer Improvement, if any, to be constructed therein by the Benedict Pond @ New Windsor, LLC (the "Developers") to provide sewer service within the Extension, said improvements to include the construction of a sewer system therein, consisting of the

installation of an "Environmental One" grinder pump facility incorporating a primary and backup pump, the installation of a four (4) inch gravity sewer main and approximately 9,922 linear feet of pressurized sewer main, pump stations and related piping, including land or rights in land, original furnishings, equipment, machinery, apparatus and appurtenances thereto as described in said map, plan and report as described in a map, plan and report prepared by Engineering & Technical Resources, Inc., competent engineers duly licensed by the State of New York (the "Sewer Improvement"), which map and plan have been duly filed in the office of the Town Clerk of the Town for public inspection; and

WHEREAS, said petition described the boundaries of the proposed Extension in a manner sufficient to identify the lands included therein as in a deed of conveyance and was signed by the petitioner and acknowledged or proved in the same manner as a deed to be recorded; and

WHEREAS, pursuant to the Order duly adopted on September 6, 2006, the Town Board determined to proceed with the establishment of the proposed Extension and adopted an Order reciting in general terms the filing of such petition, a description of the boundaries of the Extension in a manner sufficient to identify the lands included therein as in a deed of conveyance, the improvements proposed, the fact that the improvements are to be constructed and paid for by the Developers and acquired by gift at no cost to the Town or the Extension, the estimated cost of hook-up fees, if any, the estimated cost of establishing the Extension and constructing improvements, if any, to the Typical Property (as defined in the Town Law), the fact that a map and plan describing the same are on file in the Town Clerk's office for public inspection and specifying October 4, 2006, at 7:00 o'clock P.M. (Prevailing Time) as the time

2958Scw.Ext.Desc8-3-06

2

when, and the Town Hall, 555 Union Avenue, New Windsor, New York, as the place where, the Town Board would meet to consider the establishment of the Extension and acquisition of the Sewer Improvement to be constructed and installed therein, and to hear all persons interested in the subject thereof concerning the same, and for such other action on the part of the Town Board in relation thereto, as may be required by law; and

WHEREAS, certified copies of such Order were duly published and posted pursuant to the provisions of Article 12 of the Town Law; and

WHEREAS, the Town Board has given due consideration to the impact that the establishment of the Extension and acquisition of the Sewer Improvement, if any, to be constructed and installed therein, may have on the environment and on the basis of such consideration, the Town Board has found that no substantial adverse environmental impact will be caused thereby; and

WHEREAS, the Town Board and the Town have complied in every respect with all applicable federal, state and local laws and regulations regarding environmental matters including compliance with the New York State Environmental Quality Review Act, comprising Article 8 of the Environmental Conservation Law and, in connection therewith, a duly executed negative declaration and/or other applicable documentation has been filed in the office of the Town Clerk; and

WHEREAS, a Public Hearing in the matter was duly held by the Town Board on this 4th day of October, 2006, commencing at 7:00 o'clock P.M. (Prevailing Time), at said Town Hall, at which all interested persons desiring to be heard were heard, including those in favor of and those opposed to, the establishment of the proposed Extension;

2958Sew.Ext.Desc8-3-06

3

NOW, THEREFORE, upon the evidence adduced at such Public Hearing, be it

RESOLVED BY THE TOWN BOARD OF THE TOWN OF NEW WINDSOR, IN THE COUNTY OF ORANGE, NEW YORK, AS FOLLOWS:

Section 1. It is hereby determined that:

(a) the petition was signed and acknowledged or proved as required by law and is otherwise sufficient;

(b) all the property and property owners included within the proposed Extension, hereinabove referred to in the recitals hereof, are benefited thereby;

(c) all the property and property owners benefited are included within the limits of the proposed Extension; and

(d) it is in the public interest to grant in whole the relief sought.

Section 2. The establishment of the Extension is hereby approved, as hereinafter described, and the proposed Sewer Improvement, if any, to be constructed and installed therein shall be acquired by gift as set forth in the recitals hereof, and the Extension shall be designated and known as Extension No. 2 to Sewer District No. 19, in the Town of New Windsor, and shall be bounded and described as follows:

All that certain plot, piece or parcel of land situate, lying and being in the Town of New Windsor, County of Orange and State of New York. Being more fully bounded and described as follows:

BEGINNING at a point on the easterly right-of-way of Mt. Airy Road; said point being located at the southwest corner of Tax Lot 95-1-13; running thence along the southerly and easterly line of Tax Lot 95-1-13 the following two (2) courses and distances:

1) S73-39-40E, 192.37 feet;

2)  N00-17-40E, 412.93 feet; thence

3)  N72-10-35E, 393.36 feet along the southerly line of Tax Lots 85-1-1 and 85-1-13.2; running thence along the line of Tax Lot 85-1-13.2 the following two (2) courses and distances:

4)  S35-58-50E, 72.98 feet:

5)  N61-41-45E, 352.53 feet; thence

6)  S59-09-47E, 71.31 feet along the southwesterly right-of-way line of Dean Hill Road; thence

7)  S35-37-45E, 340.35 feet along the southwesterly line of Tax Lot 95-1-14; running thence along the northwesterly line of Tax Lot 67-2-12 the following five (5) courses and distances:

8)  S51-57-20W, 260.60 feet:

9)  S23-28-45E, 50.68 feet;

10) N45-03-54E, 16.80 feet:

11) N61-18-23E, 136.80 feet;

12) N86-52-26E, 76.19 feet; running thence along the southwest line of Tax Lot 67-2-11.2 the following two (2) courses and distances:

13) N88-45-10E, 74.70 feet;

14) S77-52-08E, 91.57 feet; thence

15) S34-55-01E, 137.26 feet along the southwesterly line of Tax Lot 67-2-10.2; thence

16) S46-33-50E, 124.26 feet along the southwesterly line of Tax Lots 67-2-10.2 and 67-2-9.2; running thence along the southwesterly line of Tax Lot 67-2-9.2 the following two (2) courses and distances:

17) S50-17-46E, 62.91 feet;

18) N77-25-05E, 14.85 feet; running thence along the westerly and southerly line of Tax Lot 67-2-8.2 the following two (2) courses and distances:

19) S18-13-02E, 67.71 feet;

20) S51-09-12W, 86.50 feet; running thence along the southwesterly and southerly line of

2958Scw.Ext.Desc8-3-06                      5

Tax Lot 67-1-6.2 the following two (2) courses and distances:

21) S27-26-10E, 78.57 feet;

22) N88-35-20E, 210.62 feet; running thence along the westerly line of Tax Lot 67-2-6.1 the following two (2) courses and distances:

23) S24-29-00E, 130.85 feet;

24) S24-32-56E, 117.00 feet; thence

25) S71-20-05W, 285.31 feet along the line of Tax Lot 67-2-6.1 and the northerly line of Tax Lot 67-3-1; thence

26) S08-41-45E, 177.70 feet along the westerly line of Tax Lot 67-3-1; thence

27) S29-14-50E, 195.42 feet along the southwesterly line of Tax Lots 67-3-1, 67-3-2 and 67-3-3; thence

28) S27-07-55E, 75.64 feet along the southwesterly line of Tax Lot 67-3-3; running thence along the new proposed northwesterly and southwesterly line of Tax Lot 67-3-5 the following two (2) courses and distances:

29) S54-19-09W, 48.80 feet;

30) S56-04-43E, 99.70 feet; running thence along the westerly line of Tax Lot 67-3-6 the following two (2) courses and distances:

31) S38-48-45E, 16.45 feet;

32) S08-50-45E, 6.30 feet;

33) N82-40-44W, 186.04 feet along the new proposed northerly line of Tax Lot 67-7-1; running thence along the northerly and westerly line of Tax Lot 67-7-2 the following three (3) courses and distances:

34) N72-37-50W, 176.18 feet;

35) N74-48-58W, 38.29 feet;

36) S14-40-40W, 128.00 feet; running thence along the northerly and westerly line of Tax Lot 67-7-3 the following two (2) courses and distances:

37) N75-35-00W, 160.00 feet;

38) S14-25-00W, 104.53 feet; thence

39) N82-21-00W, 917.03 feet along the Town Line between the Town of New Windsor to the north and the Town of Cornwall to the south, also being the northerly line of Tax Lots 5-1-6, 5-1-7 and 5-1-8 in the Town of Cornwall; thence

40) N06-33-45E, 258.49 feet along the easterly line of Tax Lots 66-1-13 and 66-1-9.1; thence

41) N37-45-55W, 155.34 feet along the northeasterly line of Tax Lot 66-1-9.1; thence

42) N37-16-50W, 187.70 feet still along the northeasterly line of Tax Lot 66-1-9.1 and the northeasterly line of Tax Lot 66-1-9.2; running thence still along the northeasterly line of Tax Lot 66-1-9.2 the following two (2) courses and distances:

43) N38-12-55W, 131.61 feet;

44) N40-00-05W, 125.04 feet; running thence along the easterly right-of-way line of Mt. Airy Road the following three (3) courses and distances:

45) N04-17-10E, 197.89 feet;

46) N01-29-15E, 114.40 feet;

47) N01-51-25W, 57.42 feet to the point or place of BEGINNING.

Consisting of 50.72 acres of land.

Section 3. The said Sewer Improvement, if any, as hereinabove described, is to be constructed and installed and paid for by the Developers and acquired by gift at no cost to the Town or the Extension, and the expense of the maintenance of the Extension shall be shall be paid by the assessment, levy and collection of assessments upon the several lots and parcels of land within the Extension which the Town Board shall deem especially benefited by said facilities so much upon and from each as shall be in just proportion to the amount of the benefit which the improvement shall confer upon the same.

Section 4. The Town Clerk of the Town is hereby authorized and directed within ten (10) days after the adoption of this resolution, to record with the County Clerk of the County of Orange and file with the Department of Audit and Control in Albany, New York, copies of this resolution certified by said Town Clerk.

Section 5. This resolution shall take effect immediately.

\*       \*       \*

2958Sew.Ext.Desc8-3-06

8