# Exhibit "U"

## Part 3

permitted on said property which in the judgment of the grantee its successors and assigns will interfere with its service or endanger its lines and that no inflammable structure will be erected or permitted on said property within 20 feet of said lines. Said sum being received in full payment for the rights herein granted. With the further right to cut all interfering trees and brush.

Witness our hand and seal this 17th day of November A.D. 1927 at Salisbury Mills being

Witness James B. Smith

W. H. Brown    Seal

Henrietta B. Brown    Seal

State of New York
County of Orange    SS.

On the 2nd day of December 1927, before me came James B. Smith the subscribing witness to the foregoing instrument, with whom I am personally acquainted who, being by me duly sworn did depose and say that he resides at No. 84 First Street in the City of Newburgh in said County, that he knows W. H. Brown and Henrietta B. Brown to be the individuals described in and who executed the foregoing instrument, that he, said subscribing witness, was present and saw them execute the same; and that he, said witness, at the same time subscribed his name as witness thereto.

L. W. Brogan, Notary Public, Orange Co.

A true record entered December 17th 1927 at 11-30 A.M.

Grant    /s/ _____ Clerk.

$5.00    Received of the American Telephone and Telegraph Company Five and no/100 Dollars in consideration of which we hereby grant unto said Company, its associated and allied companies, their respective successors, assigns, lessees and agents the right, privilege and authority to construct, reconstruct, operate and maintain lines of telephone and telegraph, consisting of such poles, wires, cables, conduits, guys, anchors and other fixtures and appurtenances as the grantee may from time to time require, upon, across, over and/or under the property which we own or in which we have any interest in the town of New Windsor, County of Orange and State of New York from time to time



New York, and upon and along the roads, streets or highways adjoining the said property, with the right to trim from time to time any trees along said lines so as to keep the wires and cables cleared at least thirty six inches and the right to permit the attachment of and /_ in conduit wires and cables of any other or carry. The grantor for himself, his heirs, executors, administrators and assigns hereby covenants that no wire line will be erected or permitted on said property which in the judgment of the grantee, its successors and assigns, will interfere with its service or endanger its lines and that no inflammable structure will be erected or permitted on said property within 50 feet of said lines. Said sum being received in full payment for the rights herein granted. Witness our hand and seal this 21st day of November A.D. 1927 at Meadow Brook, N.Y.

         Howard O. Benedict  Seal
         Eva B. Benedict   Seal

Witness James B. Smith

State of New York   On the 2nd day of December 1927 before me came James B.
County of Orange SS. Smith the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say, that he resides at No. 84 First Street in the city of Newburgh in said County, that he knows Howard O. Benedict and Eva B. Benedict to be the individuals described in, and who executed the foregoing instrument, that he, said subscribing witness, was present and saw them execute the same, and that the said witness at the same time subscribed his name as witness thereto.

         L.M. Brogan, Notary Public, Orange Co.

A true record entered December 17th 1927 at 11-30 A.M.

---

$5.00 Received of the American Telephone and Telegraph Company Five & no/100 dollars, in consideration of which I hereby grant unto said Company, its associated and allied companies, their respective successors, assigns, lessees and agents the right, privilege and authority to construct, reconstruct, operate and maintain lines of telephone and telegraph, consisting of such poles, wires, cables, conduits, guys, anchors and other fixtures and appurtenances as the grantee may from time to time require, upon, across, over and / or under the property which I own or in which I have any interest in the town of Woodbury, County of Orange and State of New York and upon and along the roads, streets or highways adjoining said right to trim from time to time any trees

# ORANGE COUNTY CLERK'S OFFICE RECORDING PAGE
(This Page is Part of the Instrument)

PRINT OR TYPE BLACK INK ONLY

New York Telephone Company
TO
Michael Petrino + Orsat, Inc.

ATTACH THIS SHEET TO THE FIRST PAGE OF EACH RECORDED INSTRUMENT ONLY.

DO NOT WRITE BELOW THIS LINE

CONTROL NO. 52185

INSTRUMENT TYPE: DEED ___ MORTGAGE ___ SATISFACTION ___ ASSIGNMENT ___ OTHER Rel Easement

| BG20 | Blooming Grove |
| CH22 | Chester |
| CO24 | Cornwall |
| CR26 | Crawford |
| DP28 | Deerpark |
| GO30 | Goshen |
| GR32 | Greenville |
| HA34 | Hamptonburgh |
| HI36 | Highland |
| MK38 | Minisink |
| ME40 | Monroe |
| MY42 | Montgomery |
| MH44 | Mount Hope |
| NT46 | Newburgh (T) |
| NW48 | New Windsor |
| TU50 | Tuxedo |
| WL52 | Wallkill |
| WK54 | Warwick |
| WA56 | Wawayanda |
| WO58 | Woodbury |
| MN09 | Middletown |
| NC11 | Newburgh |
| PJ13 | Port Jervis |
| 9999 | Hold |

SECTION 65 BLOCK 1 LOT 51.24 58.2

RECORD AND RETURN TO:
(Name and Address)

Michael M. Petrino
P.O. Box 324
Tuxedo, NY

DATE 12-27-9 □ AFFIDAVIT FILED 19___

SERIAL NO. _____
Mortgage Amount $ _____
Exempt Yes ___ No ___
3-6 Cooking Units Yes ___ No ___
Received Tax on above Mortgage
Basic $ _____
MTA $ _____
Spec. Add. $ _____
TOTAL $ _____

CHECK ✓ CASH ___ CHARGE ___

MORTGAGE TAX $ _____
TRANSFER TAX $ _____
E.D. FUND $ 5 —
RECORD. FEE $ 8.50
REPORT FORMS $ _____
CERT. COPIES $ _____

MARION S. MURPHY
Orange County Clerk
by: _____

ORANGE COUNTY CLERK'S OFFICE S.S.
Recorded on the 1st day of Jan. 19 91 at 3:59
___ O'Clock P.M. in Liber/Film 3415
Deeds at page 243 and examined.

Marion S. Murphy
County Clerk

RECEIVED
$ _____ REAL ESTATE
TRANSFER TAX
ORANGE COUNTY

LIBER 3415 PAGE 243

DRG 03/01/91 03:59:13   8610        8.50
(B) *****EDUCATION FUND:         5.00*****
      DEED CONTROL NO: 52185       .00*

1/25/89 AR

ROW 4-B

## FULL RELEASE OF RECORDED EASEMENT

THIS INSTRUMENT made this __17th__ day of __December__, 19__90__, between the NEW YORK TELEPHONE COMPANY, a New York corporation having an office at __1095 Avenue of the Americas__, County of __New York__, State of New York; and __Michael M. Petrone and ONAT, Inc.__,

residing at __PO Box 324__

Town of __Tuxedo Park__ __NY__ County of __Rockland__

State of New York (hereinafter referred to as "Owner").

### W I T N E S S E T H

WHEREAS, heretofore and by an instrument in writing bearing the day of __November 21__, 19__27__, and recorded on __December 17__, 19 27, in the office of the County Clerk of __Orange__ County, State of New York, in Liber __681__ of Deeds at Page __507__, (hereinafter referred to as the "Original Easement"). New York Telephone Company, its successors and assigns was granted a right of way and easement, for its communication lines over, through and across certain property in the Town of __New Windsor__, County of __Orange__, State of New York, described in the Original Easement, and also, upon, over and/or under the highways upon or adjoining said property together with certain other rights as therein set forth; and

WHEREAS, Owner of said property is desirous of having the property described above released from the burden of the Original Easement;

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00) paid by Owner, the receipt of which is hereby acknowledge, New York Telephone Company does hereby release unto said Owner all the rights, title and interest which the New York Telephone Company acquired by the Original Easement, EXCEPTING AND RESERVING to the New York Telephone Company, its respective successors and assigns, however, all right, privilege and authority acquired under the said Original Easement, over and/or under the highways upon or adjoining said property together with the rights appurtenant thereto as set forth in the said instrument.

IN WITNESS WHEREOF, New York Telephone Company has caused this Instrument to be duly executed under seal the day and year first above written.

NEW YORK TELEPHONE COMPANY

ATTEST:

_____
ASSISTANT SECRETARY

By _____

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF __Dutchess__ )

On the __27__ day of __December__, 19__90__, before me personally appeared __P.W. Walsh__, to me known, who being duly sworn, did depose and say that he resides at __Tuxedo Park, N.Y.__, that he is a __Director of Operations__, in the state of New York, of New York Telephone Company, the corporation described in and which executed the above instrument; that he knows the seal of said corporation, and the seal affixed to said instrument is such corporate seal affixed by the order of the Board of Directors and that he signed his/her name thereto by like order.

_____
Notary Public

GERTRUDE A. OLDFIELD
Notary Public, State of New York
Reg. #4820230
Qualified in Dutchess County
Commission Expires 2/28/91

LIBER 3415 PAGE 244

FEB 11 1991

and which executed the above Instrument; that he knows the seal of said corporation; that the seal affixed to said Instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that h[e] sighed his name thereto by like order.

Ruth Krantzow Notary Public
Kings County Clk's No. 388
New York County Clk's No. 141
Commission expires March 30, 1937
Certif. filed Orange Co.    (LS)

A true record entered October 30, 1935 at 9 A.M.

C. E. Dusenberry Clerk

763 p 499

This Indenture made the Twenty fourth day of October, nineteen hundred and thirty five, between Edward P. Runyon (unmarried), residing in the Town of Cornwall, County of Orange and State of New York, party of the first part, and Howard O. Benedict, residing in the Town of Cornwall, County of Orange and State of New York, party of the second part,

Witnesseth, that the party of the first part, in consideration of One ($1.00) dollar lawful money of the United States, and other valuable considerations paid by the party of the second part, doth hereby grant and release unto the party of the second part, his heirs and assigns forever,

ALL that certain piece or parcel of land situate partly in the Town of Cornwall and partly in the Town of Windsor, in the County of Orange and State of New York, bounded and described as follows:

BEGINNING at a point in the center of the highway which leads from Salisbury Mills to Newburgh and in range of the stone wall boundary between the lot hereby described and lands of Benedict adjoining on the west, and running thence along the easterly boundary of said last mentioned lands marked by said stone wall, north 15° 9' east as the needle pointed in 1924, six hundred and for[ty] eight feet to the corner of lands formerly of Gilbert H. Gerow, deceased; thence along the southerly boundary of said last mentioned lands, and along a stone wall south 76° 18' east, three hundred forty five and six tenths feet to the point of intersection with the center of a cross wall leading to the road; thence along the approximate line of said cross wall, being along the westerly line of a lot of six and eight one hundredths acres heretofore sold by the party of the first part to one David E. Bundy and wife, south 12° 17' west, three hundred thirty nine and six tenths feet to an angle of stone walls; thence along the boundary of said last mentioned lands, being along a stone wall, north 78°-35' west fifty eight and three tenths feet to an angle of said wall; thence continuing along said wall and boundary of said last mentioned land, south 11° 30' west three hundred and nine tenths feet to the southwesterly corner of said last mentioned lands in the center of the old Town Highway; thence along the center of said Old Town Highway, north 74° 24' west two hundred and three and five tenths feet, and thence along the center of the Highway leading from Salisbury Mills to Newburgh, north 82° 10' west, one hundred twenty one feet to the place of be-

ginning containing four acres and nine hundred twenty six one-thousand[...] acre of land, more or less.

Being part of the premises conveyed to said Edward P. Runyon[...] A. Still by deed dated May 12th, 1900, recorded in Orange County Cl[erk's Office] in Liber 447 of Deeds at page 502 on May 18th, 1900.

ALSO all that certain other lot, piece or parcel of land s[ituate] and being in the Town of Cornwall, County of Orange and State of New [York] and described as follows:

BEGINNING at a point in the southerly boundary line wall [form-] erly of one Woodward, distant two hundred feet from the easterly line [of the New-] burgh-Woodbury Improved County Highway No. 42, measured easterly alon[g said] wall, said point being the northeasterly corner of a lot of land here[tofore conveyed] to one Edward Pembleton, and marked by a stake driven into the ground[;] thence along the southerly boundary wall and line of land formerly o[f said Woodward] two hundred feet to the northwesterly corner of a lot of land heretof[ore conveyed] to George Wood; thence along the line of said last mentioned lands an[d lands] to the line of said County Highway, south 7° 24' west as the needle [pointed in] 1922, one hundred feet to a point marked by an iron bar set in the gr[ound, from] which a blaze on the nearer of two elm trees is nine and four tenths f[eet,] north 21° 40' east; thence parallel to said southerly line of lands f[ormerly of] Woodward, north 89° 24' west two hundred feet to the southeasterly co[rner of] lands heretofore conveyed to Edward P. Runyon, marked by a stake driv[en in the] ground, and thence north 7° 24' east along the line of said last ment[ioned lands] one hundred feet to the place of beginning. Containing 455/1000 of an [acre of land,] more or less.

Together with a right of way in common with the other abutt[ing owners] over a private roadway through lands of Rose Lixfield southerly and we[sterly to] the said County Highway No. 42. This private roadway shall be twenty [feet] wide along the line of the lot herein described and conveyed, and along [the line] of lot of George Wood adjoining and thirty three feet wide from thence [to said] County Highway No. 42 between lots of Hamel and Gorton.

Being the same premises conveyed to said Edward P. Runyon by [Rose] Lixfield by deed dated February 9th, 1926, recorded in Orange County Cl[erk's Office] in Liber 673 of Deeds at page 85, on March 7th, 1927.

TOGETHER with the appurtenances and all the estate and rights [of the] party of the first part in and to the said premises. To have and to ho[ld the] premises herein granted unto the party of the second part, his heirs an[d assigns] forever. And said Edward P. Runyon, party of the first part hereto, cov[enants] as follows: First. That said party of the first part is seized of the s[aid premises] in fee simple, and hath good right to convey the same; Second. That th[e party] of the second part shall quietly enjoy the said premises; Third. That [the said] premises are free from incumbrances; Fourth. That the party of the firs[t part]

State of New York  )
County of Orange   ) SS

On the first day of July, hundred and thirty six personally came Benjamin Terwilliger, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

A true record entered July 3, 1936 at 9 A.M.

Charles W. U. Sneed, Notary Public, Orange County

(Map filed July 3, 1936)

This Indenture made the first day of July, in the year One thousand nine hundred and thirty six between Howard O. Benedict of the Town of New Windsor, County of Orange, State of New York, and Eva B. Benedict, his wife, parties of the first part, and The County of Orange, one of the Counties of the State of New York, having its principal place for the transaction of business in the Village of Goshen, County of Orange, State of New York, party of the second part,

Witnesseth, that the said parties of the first part in consideration of the sum of $135.00 lawful money of the United States, paid by the said party of the second part, do hereby grant and release unto the said party of the second part, its successors and assigns forever,

ALL that piece or parcel of land situate in the Town of New Windsor, County of Orange, State of New York, for the Chester-Vails Gate State Highway, as shown on Map No. 58, filed herewith and described as follows:

BEGINNING at a point on the northerly boundary of the existing Chester-Vails Gate Highway, said point being 37± feet distant northerly, measured at right angles, from Station R216+00 of the hereinafter described survey base line of the proposed reconstruction of the Chester-Vails Gate State Highway in Orange County; thence S 83° 57' E. 208.1± feet to a point on the division line between the lands of E. P. Runyon, reputed owner, on the west, and the lands of H. H. Bundy, reputed owner, on the east, the last mentioned point being 44± feet northerly, measured at right angles, from Station R218+07± of the said base line; thence along said division line 24± feet to its intersection with the northerly boundary of an intersecting road, the last mentioned point being 20± feet northerly, measured at right angles from Station R218+07± of the said base line; thence westerly along the said intersecting road boundary and westerly along the northerly boundary of said existing Chester-Vails Gate Highway 209± feet to the point of beginning; being 0.055 acre more or less.

The above mentioned survey base line is a portion of the survey base line for the said proposed reconstruction of the Chester-Vails Gate Highway 154, Orange County, and is described as follows:

BEGINNING at Station R214+50 thence S 82° 34' 30" E. 290 feet to Station R217+40; thence S 80° 49' 30" E. 220 feet to Station R219+60.

TOGETHER with the appurtenances and all the estate and rights of said parties of the first part in and to said premises. To have and to hold the above granted premises unto the said party of the second part, its successors