# Exhibit "B"

Eric D. Sherman
Luisa K. Hagemeier
PRYOR CASHMAN LLP
410 Park Avenue
New York, New York 10022
(212) 421-4100
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KG CORNWALL, LLC                                 :
                                                 :   Index No. 07 Civ. 2881 (CLB)
                        Plaintiff,               :
                                                 :
            -against-                            :   **ANSWER**
                                                 :
BEAZER HOMES CORP.                               :
                                                 :
                        Defendant.               :
-------------------------------------------------------------X

Defendant Beazer Homes Corp. ("Beazer") by and through its counsel, Pryor Cashman LLP, as and for its Answer to the Complaint of plaintiff KG Cornwall, LLC ("KG Cornwall"), alleges as follows:

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.   Admits the allegations set forth in paragraph 2 of the Complaint.

3.   To the extent a response to paragraph 3 of the Complaint is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

4.   Denies the allegations set forth in paragraph 4 of the Complaint.

422512                                           1

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.  Admits the allegations set forth in paragraph 6 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.  Denies the allegations set forth in paragraph 8 as inaccurate and incomplete, and refers to the Agreement[1], which speaks for itself.

9.  Denies the allegations set forth in paragraph 9 of the Complaint as inaccurate and incomplete and refers to the Agreement, which speaks for itself.

10. Denies the allegations set forth in paragraph 10 as inaccurate and incomplete, and refers to the content of the Agreement, which speaks for itself.

11. Denies the allegations set forth in paragraph 11 of the Complaint as inaccurate and incomplete.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint as inaccurate and incomplete, and refers to the content of the Letter of Credit, which speaks for itself.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

---

[1] All capitalized terms in this Answer are ascribed the same meaning as those in the Complaint.

422512                                          2

19. Denies the allegations set forth in paragraph 19 of the Complaint, and refer to the document referenced therein, which speaks for itself.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. In response to paragraph 25, Beazer repeats, reiterates and realleges, as though fully set forth herein, each and every response set forth in this Answer to the allegations of paragraphs 1-24 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. To the extent a response to paragraph 28 is necessary, denies the allegations set forth therein.

29. In response to paragraph 29, repeats, reiterates and realleges, as though fully set forth herein, each and every response set forth in this Answer to the allegations in paragraphs 1-28 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. The allegations of paragraph 31 are incomprehensible but, to the extent any meaning might be discerned, denies these allegations.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. To the extent a response to paragraph 33 is required, denies the allegations set forth therein.

34. In response to paragraph 34 of the Complaint, repeats, reiterates and realleges, as though fully set forth herein, each and every response set forth in this Answer to the allegations in paragraphs 1-33 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. To the extent a response to paragraph 37 is required, denies the allegations set forth therein.

38. In response to paragraph 38 of the Complaint, repeats, reiterates and realleges, as though fully set forth herein, each and every response set forth in this Answer to the allegations in paragraphs 1-37 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. To the extent a response to paragraph 42 is required, denies the allegations set forth therein.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint, and each and every part thereof, fails to state a cause of action upon which a claim for relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

KG Cornwall's claim is barred, in whole or in part, by the terms of the Agreement.

<u>THIRD AFFIRMATIVE DEFENSE</u>

KG Cornwall's claims are barred by its breach of the Agreement.

## FOURTH AFFIRMATIVE DEFENSE

KG Cornwall's claims are barred, in whole or in part, by the doctrines of waiver and laches.

## FIFTH AFFIRMATIVE DEFENSE

KG Cornwall's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

KG Cornwall's claims are barred, in whole or in part, by the Agreement's express limitation of remedies.

## SEVENTH AFFIRMATIVE DEFENSE

KG Cornwall's claims are barred, in whole or in part, by its failure to mitigate its damages.

WHEREFORE, Beazer demands judgment:

(a) dismissing the Complaint in its entirety; and

(b) awarding Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 29, 2007

PRYOR CASHMAN LLP

By: _____
Eric D. Sherman
Luisa K. Hagemeier
410 Park Avenue
New York, New York  10022
(212) 421-4100

*Attorneys for Defendant*
*Beazer Homes Corporation*

422512                                               5

TO:    Burton I. Dorfman, Esq.
Dorfman, Knoebel & Conway, LLP
51 North Broadway
Nyack, New York 10960
(845) 353-3500

*Attorneys for Plaintiff*
    *KG Cornwall, LLC*

Index No.                              Year 20

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

KG CORNWALL, LLC

Plaintiff,

-against-

BEAZER HOMES CORP.

Defendant.

## ANSWER

### PRYOR CASHMAN LLP
**Defendant**
*Attorneys for*

410 PARK AVENUE
NEW YORK, N.Y. 10022
(212) 421-4100

To

Attorney(s) for

Service of a copy of the within                                                              is hereby admitted.
Dated,

Attorney(s) for

PLEASE TAKE NOTICE

Check Applicable Box

☐ NOTICE OF ENTRY

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                  20

☐ NOTICE OF SETTLEMENT

that an order                                of which the within is a true copy will be presented for
settlement to the Hon.                                one of the judges
of the within named court, at
on                  20          at          M.

Dated,

[RECEIVED JUL 0 2 2007 stamp]

Yours, etc.
**PRYOR CASHMAN LLP**

To                                                                                  *Attorneys for*