# Exhibit "P"



POLICY OF TITLE INSURANCE ISSUED BY

# STEWART TITLE®
## INSURANCE COMPANY

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, STEWART TITLE INSURANCE COMPANY, a New York corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, Stewart Title Insurance Company has caused this policy to be signed and sealed by its duly authorized officers as of the Date of Policy shown in Schedule A.

**STEWART TITLE®**
INSURANCE COMPANY

Countersigned by:

_____
Fiduciary Title Agency, Inc.
43 North Broadway
Nyack, NY  10960
Tel: 845.358.6020
Fax: 845.358.6148
Agent ID #322439

_____
President

_____
Secretary

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
    (a) created, suffered, assumed or agreed to by the insured claimant;
    (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c) resulting in no loss or damage to the insured claimant;
    (d) attaching or created subsequent to Date of Policy; or
    (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.
4. Any claim which arises out of the transaction vesting in the Insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
    (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
    (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
        (i) to timely record the instrument of transfer; or
        (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

Page 1 of Policy Serial No. **O-8831- 363812**

NY-001 (10-17-92)

# CONDITIONS AND STIPULATIONS

1. **DEFINITION OF TERMS.**

    The following terms when used in this policy mean:

    (a) "insured": the insured named in Schedule A, and, subject to any rights or defenses the Company would have had against the named insured, those who succeed to the interest of the named insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors.

    (b) "insured claimant": an insured claiming loss or damage.

    (c) "knowledge" or "known": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting the land.

    (d) "land": the land described or referred to in Schedule A, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy.

    (e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.

    (f) "public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a)(iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

    (g) "unmarketability of the title": an alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

2. **CONTINUATION OF INSURANCE AFTER CONVEYANCE OF TITLE.**

    The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

3. **NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.**

    The insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest, as insured, is rejected as unmarketable. If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

4. **DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE.**

    (a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its own choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.

    (b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise it rights under this paragraph, it shall do so diligently.

    (c) Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

    (d) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

5. **PROOF OF LOSS OR DAMAGE.**

    In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

    In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph shall terminate any liability of the Company under this policy as to that claim.

6. **OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

    In case of a claim under this policy, the Company shall have the following additional options:

    (a) **To Pay or Tender Payment of the Amount of Insurance.**

    To pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay.

    Upon the exercise by the Company of this option, all liability and obligations to the insured under this policy, other than to make the payment required, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

    (b) **To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.**

    (i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

    (ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

(continued and concluded on last page of this policy)

# Schedule A
## Alta Owner Policy

| | | | |
|---|---|---|---|
| Title Number: | FID-2164S | Policy Number | O-8831-363812 |
| Policy Date | 05/01/2006 | Policy Amount | $ 3,000,000.00 |

1. Name of Insured

   **K G CORNWALL, LLC**

2. The estate or interest in the land which is covered by this policy is:

   **Fee Simple**

3. Title to the estate or interest in the land is vested in:

   **Deed made by Benedict Pond of New Windsor, LLC dated 05/01/2006 to K G CORNWALL, LLC, and duly recorded in the Office of the Clerk of the County of Orange.**

4. The land referred to in this policy is described as follows:

**PREMISES KNOWN AS:**

    Address   Dean Hill and Mt. Airy Rds, New Windsor
    S/B/L     65 /1/93
    S/B/L(2)  65 /1/94

Countersigned:_____
                Authorized Officer or Agent

Schedule A Description

Title Number FID-21648                                                                 Page    1

All that certain plot, piece or parcel of land, situate, lying and being in the Town of New Windsor, County of Orange and State of New York, intended to be Parcels I and II on a Map entitled "Proposed Lot Line change of lands of Gertrude C. Benedict" dated 7/17/1995, recorded 4/12/1996 in the Orange County Clerk's Office as Map No. 69-96, and more particularly bounded and described as follows:

Beginning at a point said point being the southeasterly corner of premises and running thence
North 82° 21' 00" west a distance of 12.52 feet
North 08° 50' 45" west a distance of 183.08 feet, thence
South 86° 54' 45" west a distance of 68.50 feet, thence
North 74° 40' 10" west a distance of 108.00 feet, thence
North 72° 37' 50" west a distance of 176.18 feet, thence
North 74° 48' 58" west a distance of 38.29 feet, thence
South 14° 40' 40" west a distance of 128 feet, thence
North 75° 35' 00" west a distance of 160 feet, thence
South 14° 25' 00" west a distance of 104.53 feet, thence
North 82° 21' 00" west along the border of the Town of New Widnsor and the town of Cornwall a distance of 917.03 feet thence
North 06° 33' 45" east a distance of 258.49 feet, thence
North 37° 45' 55" west a distance of 155.34 feet, thence
North 37° 16' 50" west a distance of 187.70 feet, thence
North 38° 12' 55" west a distance of 134.61 feet, thence
North 40° 00' 05" west a distance of 125.04 feet, thence
North 04° 17' 10" east a distance of 197.89 feet, thence
North 01° 29' 15" east a distance of 114.40 feet, thence
South 01° 51' 25" east a distance of 57.42 feet, thence
South 73° 39' 40 east a distance of 192.37 feet, thence
North 00° 17' 40" east a distance of 412.93 feet, thence
North 72° 10' 35" east a distance of 393.36 feet, thence
South 03° 58' 50" east a distance of 72.98 feet, thence
North 61° 41' 45" east a distance of 352.53 feet, thence
South 59° 09' 47" east a distance of 71.31 feet along the south westerly side of Dean Hill Road, thence
South 35° 37' 45" east a distance of 340.35 feet, thence
South 05° 57' 20" west a distance of 260.60 feet, thence
South 23° 28' 45" east a distance of 50.68 feet, thence
North 45° 03' 54" east a distance of 16.80 feet, thence
North 61° 18' 23" east a distance of 136.80 feet, thence
North 86° 52' 26" east a distance of 76.19 feet, thence
North 88° 45' 10" east a distance of 74.70 feet, thence

Continued On Next Page

**Schedule A Description - continued**

Title Number **FID-21648**                                                                 Page   2

South 77° 52' 08" east a distance of 91.57 feet, thence
South 34° 55' 01" east a distance of 137.26 feet, thence
South 46° 33' 50" east a distance of 124.26 feet, thence
South 50° 17' 46" east a distance of 62.91 feet, thence
North 77° 25' 05" east a distance of 14.85 feet, thence
South 18° 13' 02" east a distance of 67.71 feet, thence
South 51° 09' 12" west a distance of 86.50 feet, thence
South 27° 26' 10" east a distance of 78.57 feet, thence
North 88° 35' 20" east a distance of 210.62 feet, thence
South 24° 29' 00" east a distance of 130.85 feet, thence
South 24° 32' 56" east a distance of 117.00 feet, thence
South 71° 20' 05" west a distance of 285.31 feet, thence
South 08° 41' 45' east a distance of 177.70 feet, thence
South 29° 14' 50" east a distance of 195.42 feet, thence
South 27° 07' 55" east a distance of 170.14 feet, thence
South 38° 48' 45" east a distance of 16.45 feet, thence
South 08° 50' 45" east a distance of 192.24 feet to the point or place of beginning.

Together with a right of way over and upon a certain private road shown on Map No. 69-96, recorded 4/12/96 in the orange County Clerk's Office.

Owner's Policy
## Schedule B

Title Number:  FID-2164S                                   Policy Number: O-8631-363812

The following are expressly excluded from coverage of Policy, and the Company will not pay loss or damage costs, attorneys' fees, or expenses which arise by reason of:

1.   a. Underground encroachments and easements, if any, including pipes and drains and such rights as may exist for entry upon said premises to maintain and repair same.

   b. The amount of acreage is not insured.

   c. Subject to rights and easements, if any, acquired by any public utility company to maintain its poles and operate its wires, lines, etc. in, to and over the premises herein, and in, to and over the streets adjacent thereto.

   d. No title is insured to any land lying within the lines of any street, road, avenue, lane, turnpike or highway, in front of or adjoining the premises described in Schedule A.

2. Right of way in Liber 681 Page 507 (see Liber 3415 Page 243).
3. Right of Way in Liber 763 Page 499.
4. Dedication in Liber 771 Page 540.
5. Easement in Liber 872 Page 541 (see Liber 3415 page 243 ).
6. Easement in Liber 987 page 19.
7. Easement in Liber 1064 Page 25.
8. Easement in Liber 1434 Page 32.
9. Right of way in Liber 1952 Page 358.
10. Road Maintenance Agreement in Liber 5219 Page 256.
11. Subject to riparian rights and easements of others to Benedict's Pond, but the riparian rights or easements of the owner (s) herein are not insured.
12. Notes/setbacks on filed map No. 69-96 recorded on 4/12/96.
13. Survey made by Atzl Scatassa and Zigler PC last dated 5/27/03 shows vacant land; pond indicated; wetland delineation indicated; stream indicated as crossing premises; walls indicated as not along lines; unpaved roads and drives indicated; 3 structures indicated at southerly portion of premises.
14. Subject to the free and unobstructed flow of the brook or stream crossing premises.

# STEWART TITLE®
## INSURANCE COMPANY

**STANDARD NEW YORK ENDORSEMENT**

(OWNER POLICY)

Attached to and made a part of Policy Number: O-8831-363812

1. The following is added to the insuring provisions on the face page of this policy:

    "5. Any statutory lien for services, labor or materials furnished prior to the date hereof, and which has now gained or which may hereafter gain priority over the estate or interest of the insured as shown in Schedule A of this policy."

2. The following is added to Paragraph 7 of the Conditions and Stipulations of this policy:

    "(d) If the recording date of the instruments creating the insured interest is later than the policy date, such policy shall also cover intervening liens or incumbrances, except real estate taxes, assessments, water charges and sewer rents."

Nothing herein contained shall be construed as extending or changing the effective date of the policy unless otherwise expressly stated.

This endorsement, when countersigned below by a validating signatory, is made a part of the policy and is subject to the Exclusions from Coverage, Schedules, Conditions and Stipulations therein, except as modified by the provisions hereof.

Date: 04/28/2006
FIDUCIARY TITLE AGENCY, INC.
43 NORTH BROADWAY
NYACK, NY 10960
Phone (845) 358-6020  Fax (845) 358-6148

By: _____
Authorized Signature

**STEWART TITLE®**
INSURANCE COMPANY

_____
President

_____
Secretary

STANDARD NEW YORK ENDORSEMENT (9/1/93)
FOR USE WITH ALTA OWNER'S POLICY (4-6-90)

