UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KG CORNWALL, LLC,                        :   Index No. 07 Civ. 2881
              Plaintiff,           :
                                         :   **DEFENDANT'S**
                                         :   **COUNTERSTATEMENT**
           -against-                  :   **TO PLAINTIFF'S**
                                         :   **STATEMENT PURSUANT**
BEAZER HOMES CORP.,                      :   **TO LOCAL RULE 56.1**
              Defendant.          :
-----------------------------------------------------------------X

      Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, defendant Beazer Homes Corporation (Beazer) respectfully submits this counterstatement to the Statement Pursuant to Local Rule 56.1 submitted by plaintiff KG Cornwall, LLC in support of its cross-motion for summary judgment.

      1.     Not controverted, although KG has failed to comply with Local Rule 56.1(c) in that it has failed to cite admissible evidence for the proposition stated.

      2.     KG has not cited admissible evidence for the propositions that Angelo Danza ("Danza") was Benedict Pond's Manager and that Sungold Holding, Inc.'s (Sungold) President was Chaim Dresdner ("Dresdner"), and therefore these are not facts for purposes of Rule 56(e).

      3.     Beazer does not controvert the fact that the referenced Memorandum of Contract exists and that it is signed.

      4.     KG has not authenticated Dresdner's signature. KG has not cited any evidence that the "Sungold Assignment," as defined in KG's Statement Pursuant to Local Rule 56.1, validly effected the transfer or assignment of any interest, including without

limitation, Sungold interest in the contract between Sungold and Benedict Pond of New Windsor, LLC (the Sungold Contract, referenced in KG's papers as the Benedict Pond Contract). KG has not cited admissible evidence for the proposition that Dresdner was Sungold's sole shareholder. KG has not cited admissible evidence for the proposition that Dresdner, in his personal capacity or any other, owned or had any right or authority to assign "all rights and interest" in the Sungold Agreement. KG has not cited admissible evidence for the proposition that the Sungold Assignment was supported by valuable consideration. KG asserts as an undisputed fact in ¶ 4 of its 56.1 Statement that Dresdner assigned "all rights and interests" in the Benedict Pond Agreement to "your affirmant," but KG's 56.1 Statement is not affirmed, and is signed by attorney Kevin T. Conway.

5. KG has not cited any evidence authenticating Danza's signature on the purported "Consent of Transfer of the Contract to KG." KG asserts as an undisputed fact in ¶ 5 of its 56.1 Statement that KG "is solely owned by your affirmant," but KG's 56.1 Statement is not affirmed, and is signed by attorney Kevin T. Conway. Other than Goldberger's allegations, KG has submitted no evidence that Goldberger is KG's sole shareholder, and such evidence is in KG's exclusive custody and control.

6. Not controverted.

7. The Agreement does not provide that the letter of credit (LOC) was to be held in escrow until the closing. The Agreement makes various provisions regarding when and to whom the Deposit is to be distributed, depending on the occurrence or non-occurrence of delineated conditions. Stout Aff. Ex. B, Agreement.

8. Admit that ¶ 7 of the Agreement provides that KG must give Beazer written notice and an opportunity to cure before KG may declare a default entitling it to the Deposit.

9. Not controverted.

10. Not controverted.

11. Beazer retained Alan Frank, Jr., Esq. to represent it in the transaction with KG regarding the Property, and not solely for purposes of conducting due diligence. Reply Affidavit of Robert Stout, sworn to January 14, 2008 (Stout Reply Aff.) ¶ 9.

12. Not controverted.

13. Not controverted.

14. Beazer did not "waive" due diligence. Stout Reply Aff. ¶ 8.

15. The Agreement does not provide that "it was Beazer's obligation to continue extending the letter of credit until the closing or Beazer's default," and KG has not and cannot cite admissible evidence for that proposition. Paragraph 2 of the Agreement, cited by KG, provides that "Beazer shall deliver to the Escrow Agent . . . a letter of credit in the sum of $150,000," and ¶ 21 of the Agreement provides that "The Deposit shall be deposited on or before the date of this Agreement with and shall be held in escrow by BURTON I DORFMAN, ESQ." There is no language in the Agreement concerning replacing, renewing, extending or "maintaining" the LOC. See Stout Aff. Ex. B, Agreement.

16. Not controverted.

17. It is not controverted that KG's attorney sent Beazer's attorney the letter referenced.

18. Not controverted.

19. The document entitled "Termination of Memorandum of Contract," dated May 1, 2006, does not terminate the Memorandum of Agreement or the Sungold Contract. The parties to the "Termination" are KG and Benedict Pond, whereas the parties to the Sungold Contract are Sungold and Benedict Pond. KG has not presented any evidence to establish that, how or why KG would have the right to terminate Sungold's contract.

20. Beazer does not controvert that KG submitted a document that purports to be a title insurance policy issued by Fiduciary Abstract as agent for Stewart Title Company.

21. Beazer does not controvert that KG is citing to the Agreement.

22. KG has not cited admissible evidence for the proposition stated.

23. Mr. Stout did not tell Goldberger or Karger that Beazer was reevaluating all of its projects and would not close on the Property unless KG renegotiated the Agreement and lowered the price. KG has cited no admissible evidence for the proposition stated. Mr. Stout made no comment that possibly could have been interpreted to have that meaning. Stout Reply Aff. ¶ 5.

24. The statement contained in ¶ 24 of KG's 56.1 Statement is not a fact.

25. Beazer does not controvert that these letters were sent.

26. Beazer did not "allow" the LOC to lapse; it expired by its terms which were apparent on the face of the LOC.

27. Beazer does not controvert that KG's counsel sent the referenced letter and documents.

28.  Beazer does not controvert that KG's counsel sent it the referenced letter, but KG has cited no admissible evidence establishing that it sent the letter to Chase Manhattan Bank.

29.  KG was not ready, willing and able to close sale of the Property at 11:00 a.m. on February 21, 2007, because the Memorandum of Contract was still on record in Orange County, New York.

30.  Beazer does not controvert that Mr. Frank faxed a letter to KG's counsel on February 21, 2007.

31.  Beazer does not controvert that KG was in default of the Agreement because it could not convey title consistent with the requirements of the Agreement, and it was advised by James Wood of Hill-n-Dale Abstractors of the continued existence of the Memorandum of Contract on record in Orange County NY on February 21, 2007.

32.  Beazer has no obligation to provide a title report to KG or its counsel. Stout Aff. Ex. B, Agreement.

33.  Beazer was not obligated under the Agreement to provide KG with a title report. Stout Aff. Ex. B, Agreement.

34.  The Agreement provided Beazer with three options in the event KG was unable to convey the Property free and clear of all liens, encumbrances, restrictions, and easements with good and marketable title such as will be insured by a title company of its choosing. Beazer, at its option could: (a) take such title as KG can convey, with abatement of the purchase price; (b) require any monies needed to remove any lien be escrowed by KG with the title company whereupon KG shall have the right to contest the lien with the understanding that the money escrowed shall be paid to satisfy the lien if

KG's contest is unsuccessful; or (c) receive an *immediate* return of the Deposit and have no further liability or obligation under the Agreement.  Stout Aff. Ex. B, Agreement § 3 (emphasis added).


Dated:   New York, New York
         January 16, 2008

PRYOR CASHMAN LLP

By: _____
    Eric D. Sherman
    Luisa K. Hagemeier
    lhagemeier@pryorcashman.com
410 Park Avenue
New York, New York  10022
(212) 421-4100

*Attorneys for Defendant Beazer Homes Corporation*