UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KG CORNWALL, LLC.,
One Shinev Court
Monroe, New York 10950

     Plaintiff,        : Case No.: 07 Civ. 2881(CLB)

   - against -          :AMENDED
                 :COMPLAINT

BEAZER HOMES CORP.
275 Phillips Boulevard
Trenton, New Jersey 08618

     Defendant.
------------------------------------------------------------------X

  Plaintiff KG CORNWALL, LLC., by and through its attorneys, DORFMAN KNOEBEL & CONWAY, LLP., complaining of Defendant BEAZER HOMES CORP., alleges as follows, upon personal knowledge as to their own acts and upon information and belief as to all other matters:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 USC § 1332 (a) as there is diversity of citizenship between plaintiffs and defendants and the amount in controversy, exclusive of interest and costs, is in excess of the sum of Seventy Five Thousand Dollars ($75,000.00).

2. Venue is proper pursuant to 28 USC § 1391 (a)(2) as a substantial part of the acts giving rise to the claim occurred in this judicial district and the property located in the Town of New Windsor, County of Orange, which was the subject matter of the written agreement is situated in this judicial district.

## NATURE OF ACTION

3. Plaintiffs bring this action to recover damages sustained as a result of Defendant's breach of real estate contract of sale to sell real property.

4. This is an action for monetary damages arising out of a breach of a written agreement executed by KG CORNWALL, LLC and BEAZER HOMES CORP. on May 31, 2005.

## THE PARTIES

5. Plaintiff KG CORNWALL, LLC. ("Plaintiff" or "KG CORNWALL") is a New York Limited Liability Company having its principal office located at One Shinev Court, Monroe, New York.

6. That ABRAHAM GOLDBERGER ("ABE") is the sole member of KG CORNWALL.

7. Defendant BEAZER HOMES CORP. ("BEAZER") is a Tennessee Corporation having its principal place of business located at 1000 Abanathy Road, Suite 1000, Atlanta, Georgia.

## PROPERTY

8. KG CORNWALL is the owner in fee simple of certain real property located in the Town of New Windsor, County of Orange, State of New York, known as Town of New Windsor Tax Map Section 65 Block 1 Lots 56.11 and 56.1 (the "property").

## CHRONOLOGY

**BENEDICT CONTRACT**

9. In February 2003, Benedict Pond of New Windsor, LLC ("Benedict"), entered into a contract to sell the property to Sungold Holding, Inc. ("Sungold") for the sum of $3,000,000.00 ("Benedict Contract").

10. That the principal of Sungold was Chaim Dressner ("Chaim").

2

11. That Chaim was and is at all relevant periods Abe's brother-in-law.

12. That at the time of the execution of the Sungold contract the real property consisted of vacant land without any approvals for the development of the land.

13. That Sungold paid a $300,000.00 down payment in connection with the Benedict Contract.

14. That the Benedict Contract was conditioned upon Benedict obtaining all requisite approvals for 120 Townhouse units in accordance with local zoning that required age restricted units.

15. That on July 10, 2003, Sungold assigned the contract to Abe and Abe reserved the right to transfer to any entity.

16. On July 10, 2005, Abe reimbursed Sungold the $300,000.00 down payment in connection with the assignment.

17. That Benedict consented to the assignment of the Benedict Contract to KG CORNWALL.

## AGREEMENT BETWEEN KG CORNWALL AND BEAZER

18. On May 31, 2005 KG CORNWALL and BEAZER entered into a written Agreement of Sale to sell the Property (the "Agreement").

19. The Agreement provided that KG Cornwall was the Contract Vendee.

20. The Agreement required BEAZER to deliver to the escrow agent, a letter of credit in the sum of $150,000.00 to be held in escrow pending the closing.

21. At the time of the execution of the Agreement, damages were ascertainable in the sum of $3,000,000.00, the Purchase Price Plaintiff was required to pay in order to sell the property to BEAZER.

22. The Agreement initially provided for a ninety (90) day due diligence period.

23. The Agreement due diligence period was thereafter extended, by Plaintiff.

24. That on September 26, 2005 BEAZER sent written notice that it waived due diligence.

25. That on or about September 30, 2005 BEAZER delivered a $150,000 letter of credit to the escrow agent that specifically provided:

> "THE AMOUNT DRAWN REPRESENTS FUNDS DUE AND OWING PURSUANT TO THE AGREEMENT BETWEEN KG CORNWALL, LLC AND BEAZER HOMES CORP. BEAZER HOMES CORP. HAS FAILED TO COMPLY WITH THE TERMS AND CONDITIONS OF THE CONTRACT/AGREEMENT DATED MAY 31,L 2005. WE HEREBY DEMAND THE AMOUNT OF USD _____ UNDER JPMORGAN CHASE BANK, N.A. LETTER OF CREDIT NUMBER CPCS-205054."

26. That in reliance of the Agreement, KG CORNWALL acquired the Property from Benedict, on May 1, 2006, for the sum of $3,000,000.00.

27. KG CORNWALL did not offer the Property for sale to other purchasers and KG CORNWALL refused offers from third parties to purchase the Property.

28. That BEAZER intentionally and willfully failed to maintain the letter of credit of $150,000.00 as required under the Agreement.

29. That KG CORNWALL complied with all terms and conditions of the Agreement.

30. That BEAZER failed to comply with its obligations under the Agreement despite repeated requests by KG CORNWALL and its representatives.

31. That KG CORNWALL by its attorney on February 9, 2007 sent a time of the essence letter scheduling the closing in accordance with the Agreement for February 21, 2007 at 11:00 a.m.

32. That at no time prior to the scheduled closing did BEAZER or its representatives contact KG CORNWALL.

33. That at the time of closing KG CORNWALL executed the deed and all necessary recording documents and was ready, willing and able to close in accordance with the Agreement.

34. That BEAZER failed to and willfully defaulted in closing.

35. That after the scheduled closing representatives of BEAZER notified representatives of KG CORNWALL that BEAZER intended to violate the terms of the Agreement.

36. That BEAZER disclosed to KG CORNWALL after the closing that it failed to maintain the $150,000 letter of credit in accordance with the Agreement and unlawfully received $150,000 from escrow.

37. That BEAZER was provided an opportunity to request Specific Performance to purchase the property by Order of this Court dated February 28, 2008.

38. That Defendant Beazer insisted that they did not want to purchase the property despite their obligations under the contract and despite the fact they allowed the letter of credit for $150,000 to lapse.

## FIRST COUNT

39. Plaintiff/KG CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "41" as if fully set forth herein.

40. That at the time of the execution of the Agreement, the value of the property was $3,000,000.00 the purchase price of the Benedict Contract due to the fact the property consisted of vacant land without any improvements or zoning approvals.

41. That in reliance of the representations of BEAZER contained in the Agreement, after KG CORNWALL took title to the property KG CORNWALL expended substantial

funds including money-in-lieu of land fees in the sum of $300,000 and inspection fees in the sum of $75,000 that were obligations of the BEAZER in the Agreement and consultant fees to obtain approvals in the sum of $110,000 in connection with obtaining required approvals, in accordance with the agreement.

42. That the money expended for the approvals subsequent to the purchase was readily ascertainable.

43. Therefore, the sum of liquidated damages set forth in paragraph "7" was disproportionate to the actual damages incurred by Plaintiff, that were in fact ascertainable at the time of the execution of the Agreement.

44. That as a result of the breach of the Agreement BEAZER, KG CORNWALL has been damaged in the sum of $3,485,000.00 and continues to incur damages.

45. That KG CORNWALL is entitled to reimbursement of the legal fees as a result of the Defendant's breach of the Agreement.

46. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $3,485,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

## SECOND COUNT

47. Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "46" as if fully set forth herein.

48. That after BEAZER disclosed it failed to extend the letter of credit and comply with the Agreement, KG CORNWALL demanded BEAZER replace the letter of credit.

49. That BEAZER has failed to replace the $150,000 letter of credit.

50. That KG CORNWALL has been damaged in the sum of $150,000.

51. That KG CORNWALL demands judgment against Defendant BEAZER in the sum

6

of $5,000,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

### THIRD COUNT

52. Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "51" as if fully set forth herein.

53. That BEAZER converted $150,000 by the removal of the letter of credit from escrow.

54. Plaintiff has been damaged in the sum of $150,000.

55. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $150,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

### FOURTH COUNT

56. Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "55" as if fully set forth herein.

57. That BEAZER knowingly misrepresented its intention to maintain the letter of credit.

58. That KG CORNWALL relied on BEAZER's misrepresentations.

59. That KG CORNWALL has been damaged in the sum of $5,000,000.

60. That KG CORNWALL demands judgment against Defendant BEAZER in the sum of $5,000,000.00 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

### FIFTH COUNT

61. In the alternative Plaintiff/KC CORNWALL repeats, reiterates and realleges each and every allegation contained in paragraphs denominated "1" through "60" as if fully set forth herein.

7

62. BEAZER failed to purchase the property in accordance with the contract at the time of closing.

63. That BEAZER was provided an opportunity to request Specific Performance to purchase the property by Order of this Court dated February 28, 2008.

64. That Defendant Beazer insisted that they did not want to purchase the property despite their obligations under the contract and despite the fact they allowed the letter of credit for $150,000 to lapse.

65. The Defendant has no adequate remedy at law.

66. That KG CORNWALL demands judgment against Defendant BEAZER for specific performance of the terms and considerations of the agreement to purchase the property for $10,170,000 and any and all damages, interest, costs and attorneys fees that accrue until the time of trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

### ON THE FIRST COUNT:

A. against all Defendants, actual damages in an amount to be proven at trial but not less than $3,485,000.00 plus interest, costs and attorneys;

B. attorney's fees and costs; and

C. such other, further and different relief as to this Court deems just, proper and equitable.

### ON THE SECOND COUNT:

A. against all Defendants, actual damages in an amount to be proven at trial but not less than $150,000.00 plus interest, costs and attorneys;

B. attorney's fees and costs; and

C. such other, further and different relief as to this Court deems just, proper and equitable.

### ON THE THIRD AND FOURTH COUNT:

A. against all Defendants, actual damages in an amount to be proven at trial but not less than $5,000,000.00 plus interest, costs and attorneys;

B. attorney's fees and costs; and

C. such other, further and different relief as to this Court deems just, proper and equitable.

## ON THE FIFTH COUNT

A. In the alternative, granting Plaintiff specific performance against Defendant directing Defendant to specifically perform the terms and conditions of the Agreement and purchase the property for the sum of $10,170,000; and

B. Granting such other, further and different relief as to this Court seems just, proper and equitable.

Dated:   April 29, 2008
         Nyack, New York

Yours, etc.,

_____
BURTON I. DORFMAN, ESQ.[BD5865]
DORFMAN KNOEBEL, CONWAY,
FURY & GRIFFIN LLP
Attorneys for Plaintiffs
51 North Broadway
Nyack, NY 10960
(845)353-3500