RIDER TO AND FORMING PART OF CONTRACT OF SALE
Made Between
BENEDICT POND OF NEW WINDSOR LLC, as Seller
and
SUNGOLD HOLDING, INC., as Purchaser
dated the ___7___ day of ~~February~~ March, 2003.

NOTWITHSTANDING ANYTHING TO THE CONTRARY OR INCONSISTENT HEREWITH IN THE MAIN AGREEMENT TO WHICH THIS IS A RIDER, OR IN ANY OTHER RIDER THERETO, THE PARTIES AGREE AS FOLLOWS:

1. Except as herein specifically set forth, neither the Seller nor anyone on Seller's behalf has made any representation as to the physical condition of the real property which is the subject of this agreement, nor with respect to the value thereof, use or occupancy thereof nor of any other matter or thing affecting or relating to the Premises, furnishings or articles of personal property included in this sale. The Seller is not liable or bound in any manner by any verbal or written statement, representation, real estate broker's "set-up" or information pertaining to the above Premises furnished by any real estate broker, agent, employee, servant or other persons, unless the same are specifically set forth herein. The Purchaser specifically disclaims the making of any such representation by the Seller or by anyone on Seller's behalf and the Purchaser specifically disclaims reliance thereon.

2. It is specifically understood and agreed that this contract is a single, indivisible contract and that the delivery to and acceptance of the deed by the Purchaser shall be deemed and considered as full compliance by the Seller of all of the terms of this contract, and as a release by the Purchaser of any and all rights, obligations, claims or causes of action against the Seller. The Purchaser further agrees that none of the terms of this contract, except those provisions which this contract expressly states shall survive such delivery, nor any promise, representation, agreement or obligation on the part of the Seller, its agents, employees or representatives, shall survive delivery and acceptance of the deed, unless such promise, representation, agreement or obligation express or implied is fully set forth in writing and signed by the Seller and unless such writing expressly states that the same shall survive the delivery and acceptance of the deed.

3. In the event that the closing of title takes place outside of the County of Orange, the Purchaser agrees to pay to the Seller's attorney a fee for additional travel time, which fee shall be $250.00 if the closing takes place in a county contiguous to Orange County and at the rate of $200.00 per hour in the event that closing takes place in a county further removed from Orange County.

4. Within one month of purchaser's execution of this contract of sale, the Purchaser shall deliver to the Seller's attorney any and all title objections raised by the Purchaser's title insurance company. Any title objections not delivered to the Seller's attorney as aforesaid shall be deemed waived, except taxes for the then current year which shall be prorated as of the date of Closing and except for the permitted title exceptions stated herein.

5. Anything else in this agreement to the contrary notwithstanding, the Purchaser shall look solely to the estate and property of the Seller in the Premises which are the subject of this agreement, for the satisfaction of any claim by reason of any default or breach by the Seller of any of the terms and provisions of this agreement to be performed, fulfilled or observed by the Seller, and no other property or assets of the Seller or of its trustee(s) and/or beneficiaries, shall be subject to claim, levy, execution or other enforcement procedure for the satisfaction of the Purchaser's remedies for any such default or breach.

6. A. This contract is conditioned upon the Seller obtaining within 36 months after the date that all parties have received fully executed copies of this agreement, the approvals required by all jurisdictional agencies to utilize the Premises which are the subject to this agreement, for approximately one hundred twenty (120) townhouse residential homes (the "Development Approvals"). The Seller shall make all such applications at its own cost and expense provided, however, Purchaser shall be responsible, at his sole cost and expense, for (a) preparation of all homeowner association documents and (b) preparation of final architectural construction drawings. Such Development Approvals may be conditioned upon dedication of public improvements to the Town of New Windsor and to the posting of performance bonds impact fee, recreational or other exactions, offsite improvements and engineering and construction fees for public improvements charged by the municipality, each of which is the responsibility of the Purchaser. In the event the Purchaser fails to satisfy any of these obligations, the Seller, at its option, may satisfy the same, in which event the cost of satisfying any such obligation shall be added to the sales price for the premises. Seller shall be responsible for the costs of environmental impact studies required.

B. The parties recognize that the obligations of the Purchaser with respect to conditional final approval will be subject to public improvements, impact fees, homeowners' association documents, recreational fees, and other exactions and engineering and construction fees for public improvements, all of which are the responsibility of the Purchaser, may be required during the course of the Seller pursuing the "development approvals" and that any delay on the part of the Purchaser in satisfying said obligations can result in a delay of the final development approvals. The Purchaser agrees to exercise due diligence in satisfying these obligations and to make its best efforts to avoid any delay in the approval process. In the event Purchaser fails to exercise due diligence in the performance of this obligation, resulting in a delay of the approval process, then in that event Seller may declare Purchaser in default of this contract, terminate the contract, and forfeit the Purchaser's down payment. For purposes of this contract, the Development Approvals shall be deemed to have been procured or declaring a default and forfeiting the down payment only upon:

(i) The conditional final approval of each agency, board, or other governmental entity which is empowered to issue permits and approvals; and

(ii) The expiration of the period within which appeals from the agencies' action can be filed without the filing of any such appeal.

C. The Seller shall forthwith prepare, submit and diligently prosecute, application to all jurisdictional agencies, accompanied by plans for the development of the subject Premises into approximately one hundred twenty (120) lots for townhouse condominium units, which conform to the Zoning Ordinance of the Town of New Windsor, New York and the Subdivision Regulations of the

2

Planning Board of the Town of New Windsor, New York, in effect at the time of such submission. In the event the Town of New Windsor water moratorium adopted January 8, 2003, a copy of which is annexed, causes a delay in the processing of said application for a period of in excess of twelve months or if the Town fails to accept the application for processing within ninety (90) days of Seller's execution of this contract, at Purchaser's option Purchaser may cancel this contract in which event the provisions of paragraph 4B. of the main body of this contract shall apply.

7. It is understood and agreed that neither party shall record this agreement or cause same to be recorded in the Orange County Clerk's office without the written consent of the other party.

8. All notices, demands and requests and other communications required or permitted hereunder shall be in writing, and shall be deemed to be delivered, whether actually received or not, five (5) business days after deposit in a regularly maintained receptacle for the United States mail, registered or certified, return receipt requested, postage prepaid, addressed as follows:

| | |
|---|---|
| If to Purchaser: | Jaime Dresner |
| With copy to Purchaser's Counsel: | Donald Tirschwell, Esq.<br>108 New Hempstead Road<br>New City, New York 10956 |
| If to Seller: | Benedict Pond of New Windsor LLC<br>535 High Mountain Road<br>North Haledon, New Jersey 07508 |
| With copy to Seller's Counsel: | Robert E. DiNardo, Esq.<br>Jacobowitz & Gubits, LLP<br>Post Office Box #357<br>Walden, New York 12586 |

9. Warranties and Representations of Seller. The Seller warrants and represents that, to its knowledge (Purchaser understanding that no inquiry or investigation has been made other than review of this Section):

A. This Contract is the legal, valid and binding obligation of Seller, enforceable against Seller in accordance with its terms, subject only to bankruptcy and creditor's rights laws, matters affecting creditors of Seller generally and general equitable principles (whether asserted in an action at law or equity).

B. Seller has no knowledge of the discharge or existence on the Premises of any hazardous or toxic substances upon the Premises in violation of any New York or Federal environmental law, regulation, rule, ordinance or order of any kind.

C. Seller and its agents, employees, contractors, representatives, or any person acting at Seller's direction, shall not discharge, prior to Closing, any hazardous or toxic substances upon the Premises which are in excess of minimum standards and license requirements prescribed by federal or state authorities.

D. Seller is unaware of there ever having been any underground storage tanks located upon the Premises.

E. Seller has not received any notice of any condemnation proceedings affecting the Premises.

F. Notwithstanding anything to the contrary herein, if, before Closing, Seller acquires knowledge of any conditions which constitutes a material breach of any warranty or representation, (1) contained in Subparagraph A through F of this section, Seller shall have a right to cure such condition before the Closing, and the existence of such condition shall not be a ground for Purchaser terminating this Contract provided that (A) Seller, promptly after discovering the condition, assures Purchaser in writing that Seller will and is capable of curing such condition before the Closing, and (B) Seller acts diligently to cure the condition after the date described in (A) above and completes such cure prior to Closing, or (2) contained in Subparagraph H of this section, Seller shall promptly notify Purchaser of same, Seller shall not be in default hereunder, and the parties shall proceed in accordance with the provisions of this contract.

G. The representations and warranties made by Seller in this contract are true and correct as of the date of this contract and shall be true and correct as of Closing, but shall not survive thereafter.

Seller:
Benedict Pond of New Windsor LLC

By: _____ 3/7/03

Broker
Leo Lichtenstein

Purchaser:
Sungold Holding, Inc.

By: _____
Jaime Dresner

W:\1733\88\MV3542.WPD

4