UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

KG CORNWALL, LLC.                                                    Index No. 07 Civ. 2881 (CLB)

            Plaintiff,

      -against-

BEAZER HOMES CORP.

            Defendant.

-------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND

                                                            Dorfman, Knoebel, Conway,

                                                             Fury & Griffin, LLP.

                                                             51 North Broadway

                                                             Nyack, New York 10960

                                                             *Attorneys for Plaintiff KG Cornwall, LLC.*

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff KG Cornwall, LLLC ("KG"), by its attorneys Dorfman, Knoebel, Conway, Fury and Griffin, LLP., respectfully submits this memorandum of law in support of KG's Motion for leave to serve an Amended Complaint, if necessary.

## PRELIMINARY STATEMENT

It is respectfully requested that KG be granted leave pursuant to Federal Rule of Civil Procedure 15 Beazer's to Amend KG's Complaint to include an amended First Count and an additional Fifth Count for Specific Performance (Exhibit "A").

The additional Chronology portion of the Amended Complaint (¶¶9 through 38, Exhibit "A") and the amended First and Fifth Counts of Amended Complaint KG clearly provides ample proof (¶¶9 through 38, Exhibit "A") and in the amended First and Fifth Counts of Amended Complaint to grant leave.

The liquidated damages clause contained in the Agreement between KG and Defendant is unenforceable and constitutes an "unenforceable penalty", therefore, KG should be granted leave to amend its Complaint that establishes that damages were ascertainable on the date of the execution of the contract

1

## ARGUMENT

### I

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED IN LIGHT OF THE FACT THAT LIQUIDATED DAMAGES CLAUSE IS UNENFORCEABLE

It is respectfully requested that this Court grant KG leave to amend its complaint (Exhibit "A") to allow damages in excess of liquidated damages clause (par.7, Exhibit " E ") and specific performance, in light of the that said provision is unenforceable.

In Irving Tire Co., Inc. v. Stage II Apparel Corp. 230 A.D.2d 772, 646 N.Y.S.2d 528, the Appellate Division, Second Department, clearly found that the liquidated damages clause as in the case at bar was "unenforceable since the amount of actual damages arising from breach of the termination agreement is readily ascertainable…";

> Although the parties to an agreement may provide for the payment of liquidated damages upon its breach, it is well settled that such a provision will be upheld only if (1) the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and (2) the actual loss suffered is difficult to determine precisely (see, Truck Rent-A-Center v. Puritan Farms 2nd, 41 N.Y.2d 420, 393 N.Y.S.2d 365, 361 N.E.2d 1015; Willner v. Willner, 145 A.D.2d 236, 538 N.Y.S.2d 599). Thus, "the rule has evolved that when the damages flowing from a breach of a contract are easily ascertainable, or the damages fixed are plainly disproportionate to the injury, the stipulated sum will be treated as a penalty"(Willner v. Willner, supra, at 240, 538 N.Y.S.2d 599, quoting X.L.O. Concrete Corp. v. John T. Brady & Co., 104 A.D.2d 181, 183-184, 482 N.Y.S.2d 476 affd. 66 N.Y.2d 970, 498 N.Y.S.2d 799, 489 N.E.2d 768).

2

And in, Evangelista v. Ward, 308 A.D.2d 504, 764 N.Y.S.2d 705, 706, the Appellate Division held, "the liquidated damages provision… constitutes an unenforceable penalty";

> …. Although the parties to an agreement may provide for the payment of liquidated damages upon breach of the agreement, such a provision will only be upheld if "the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and * * * the actual loss suffered is difficult to determine precisely
>
> In the case at bar, on the date of the execution of the Agreement to sell to Beazer for $10,170,000 (Exhibit " E "), KG was a contract vendee to purchase the property for $3,000,000 (Exhibits "A"," F", "G"."H", and "I").

KG clearly had ascertainable damages on the date of the execution of the Agreement in excess of the $150,000 letter of credit that this Court acknowledged had lapsed in its Order granting partial summary Judgment (Exhibit "C"). The amount fixed for liquidated damages clearly was not a "reasonable measure of the probable actual loss".

Therefore, KG's motion to amend should be granted in all respects.

3

## CONCLUSION

Therefore, it is respectfully requested that this Court grant KG's Motion for leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15 .

DORFMAN, KNOEBEL, CONWAY,
FURY & GRIFFIN, LLP.

By_____

KEVIN CONWAY ( KG3347 )

k.conway@dkcllp.com

51 North Broadway

Nyack, New York 10960

(845)353-3500

Attorneys for Plaintiff

TO:

ERIC D. SHERMAN, ESQ.
LUISA K. HAGEMEIER

PRYOR CASHMAN LLP

410 Park Avenue

New York, New York 10022

(212) 421-4100

Attorneys for Defendant