UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KG CORNWALL, LLC                                :
                                                : Index No. 07 Civ. 2881 (CLB)
                    Plaintiff,                  :
                                                :
                                                :
         -against-                              : DECLARATION OF LUISA
                                                : K. HAGEMEIER IN
                                                : OPPOSITION TO MOTION
                                                : TO AMEND
BEAZER HOMES CORP.                              : THE COMPLAINT
                                                :
                    Defendant.                  :
-----------------------------------------------------------------X

      LUISA K. HAGEMEIER under penalty of perjury under the laws of the United States of America, declares and states as follows:

      1.      I am an attorney duly admitted to practice before this Court and the courts of this State and am of counsel to the law firm Pryor Cashman LLP, attorneys for defendant in this action, Beazer Homes Corporation (Beazer).

      2.      I submit this declaration in opposition to the motion by plaintiff KG Cornwall, L.L.C. ("KG") for leave to amend the Complaint by adding new allegations of fact, a new First Count seeking "actual" damages of $3,485,000 and a new Fifth Count seeking specific performance of the agreement between Beazer and KG, dated as of May 31, 2005 (the "Agreement") (Ex. E to Affidavit of Burton I. Dorfman, sworn to April 29, 2008 ("Dorfman Aff.")).

      3.      This Court should deny KG leave to amend the Complaint because the parties' agreement expressly limits KG's remedy, in the event of Beazer's default, to the contract Deposit. The remedies KG seeks to pursue are barred as a matter of law, and thus the sought amendment would be futile.

4.      Pursuant to § 2 of the Agreement, Beazer deposited a Letter of Credit in the amount of $150,000 (the "LOC" or the "Deposit") into escrow with Mr. Dorfman and his firm, Knoebel & Conway, L.L.P. See id.§§ 2, 21.

5.      Section 7 of the Agreement provides:

> **Buyer's Default**. Should Buyer violate or fail to fulfill and perform any of the terms or conditions of this Agreement after thirty (30) days' written notice from Seller (or ten (10) days' written notice in the event of a monetary default), then *the Deposit shall be retained by Seller as Seller's sole and exclusive remedy for such breach as liquidated damages.*

6.      KG set a time of the essence closing for February 21, 2007, but could not convey title consistent with the requirements of the Agreement at that time. Accordingly, Beazer terminated the Agreement and demanded that KG return the Deposit.

7.      KG commenced this action by Complaint, dated March 14, 2007. Dorfman Aff. Ex. B. The Complaint contains four "Counts." In the First and Second Counts, KG claims that Beazer breached the Agreement by, among other things, failing to renew the LOC when the LOC expired in October 2006, and demands judgment in the amounts of $150,000 and $5,000,000, plus costs and attorneys' fees. Id. ¶¶ 24-33. In the Third Count, KG claims that Beazer "converted" the Deposit, and in the Fourth Count, KG asserts a claim of "misrepresentation." Id. ¶¶ 34-42.

8.      Beazer moved for partial summary judgment dismissing KG's claims for conversion and misrepresentation and its claim for damages in excess of the Deposit, and KG cross-moved for summary judgment in its favor on all claims. By Memorandum and Decision dated February 28, 2008 (the "Decision," Dorfman Aff. Ex. C), this Court granted Beazer's motion in its entirety, finding that "[t]he facts do not support a finding of mutual mistake or fraud or overreaching, which would allow this Court to reform the

documents by imposing a new duty to renew the Letter of Credit or alternatively, to pay the Deposit, in cash, and Buyer is not found to be in default for failing to do so." Dorfman Aff. Ex. C, at 3. The Court also denied KG's motion for summary judgment in its entirety. Id. at 5.

9. KG's proposed Amended Complaint contains new allegations regarding the terms under which KG itself acquired the Property and its purported performance of its obligations under the Agreement with Beazer. It also contains two new causes of action, namely: a new First Count, asserting a claim for breach of contract and demanding "actual" damages of $3,485,000, and a new Fifth Count, demanding specific performance of the Agreement by Beazer. See Dorfman Aff. ¶ 4; proposed Amended Complaint, Dorfman Aff. Ex. A. Further, despite expressly acknowledging that this Court has already granted Beazer summary judgment dismissing the Second, Third and Fourth Counts, KG nonetheless has included them in the proposed Amended Complaint. See Dorfman Aff. ¶ 5.

10. KG urges the Court to nullify the limitation of remedies clause based on the theory that it is a "penalty." This argument is flawed for a number of reasons. First, the Agreement was negotiated by experience real estate practitioners at arms' length. As a result of these negotiations, KG expressly agreed to limit its remedy to the Deposit, which it determined was sufficient to compensate for any possible actual loss flowing from Beazer's breach.

11. Second, as the party to whom liquidated damages would be awarded, *not* the party upon whom they would be imposed, it is difficult to fathom how KG can characterize these damages as a "penalty."

12. Third, the liquidated damages clause was wholly appropriate, since it would have been impossible to ascertain what KG's actual damages would be in the event Beazer breached at some point in the future. The measure of damages would have been influenced by many unpredictable factors, such as fluctuations in the value of the Property, changes in the market for real estate of its kind, changes in interest rates and other factors affecting the availability and willingness of potential replacement buyers, KG's costs of improving the Property in accordance with the Agreement and the degree to which the Property had been improved at the time of the breach, if any.

13. KG obviously determined that the Deposit was an adequate estimation of the damage it would suffer if Beazer breached. Certainly, it cannot maintain that the liquidated damages were inordinately disproportionate to any possible ascertainable loss, or it would not have agreed to the term.

Dated: New York, New York
May 20, 2008

_____
LUISA K. HAGEMEIER