UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KG CORNWALL, LLC                                          :
                                                          :        Index No. 07 Civ. 2881 (CLB)
                        Plaintiff,                        :
                                                          :
            -against-                                     :
                                                          :
                                                          :
                                                          :
                                                          :
BEAZER HOMES CORP.                                        :
                                                          :
                        Defendant.                        :
------------------------------------------------------------------X

**DEFENDANT BEAZER HOMES CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF KG CORNWALL, L.L.C'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

PRYOR CASHMAN LLP
410 Park Avenue
New York, New York 10022

*Attorneys for Defendant Beazer*
*Homes Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

FACTS ........................................................................................................................ 2

    The Underlying Transaction ................................................................................... 2

    KG's Original Complaint ....................................................................................... 3

    This Court Has Granted Summary Judgment Dismissing the
    Second, Third and Fourth Complaints .................................................................... 3

    The Proposed Amended Complaint ......................................................................... 3

ARGUMENT .............................................................................................................. 4

    KG's PROPOSED AMENDMENTS ARE FUTILE .............................................. 4

        A.   The Court Should Not Disturb the Clear and
              Unambiguous Agreement of the Parties .................................................... 5

        B.   The Limitation of Remedies Clause Is Not a "Penalty" ............................. 7

CONCLUSION ........................................................................................................... 11

## TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                    <u>**PAGE(s)**</u>

<u>195 Lombardy Street, L.L.C. v. McCarthy</u>,
     13 Misc. 3d 1231(A) 831 N.Y.S.2d 355,
     2006 N.Y. Slip Op. 520780 (Sup. Ct. Kings Co. 2006)................................8, 9, 10

<u>Collins v. Goord</u>,
     438 F. Supp. 2d 399 (S.D.N.Y. 2006).........................................................................4

<u>Crowley v. Vision Maker, LLC</u>,
     512 F. Supp. 2d 144 (S.D.N.Y. 2007)........................................................................4

<u>Emptage & Associates, Inc. v. Cape Hampton, LLC</u>,
     19 A.D.3d 536, 799 N.Y.S.2d 525 (2d Dep't 2005)..................................................6

<u>Evangelista v. Ward</u>,
     308 A.D.2d 504, 764 N.Y.S.2d 705 (2d Dep't 2003)................................................8

<u>Fishman v. Bricker</u>,
     211 N.Y.S.2d 620 (1961) ..........................................................................................6

<u>Gindi v. Intertrade Internationale Ltd.</u>,
     No. 2644, 116716/05, 2008 WL. 1868360 (1st Dep't Apr. 29, 2008) ....................6

<u>Hematian v. Byung Wha Yoo</u>,
     148 A.D.2d 675, 539 N.Y.S.2d 424 (2d Dep't 1989)...............................................6

<u>Irving Tire Co., Inc. v. Stage II Apparel Corp.</u>,
     230 A.D.2d 772, 646 N.Y.S.2d 528 (2d Dep't 1996)...............................................8

<u>J.F. Stevenson Corp. v. County of Westchester</u>,
     113 A.D.2d 918, 493 N.Y.S.2d 819 (2d Dep't 1985)..............................................10

<u>JMD Holding Corp. v. Congress Finance Corp.</u>,
     4 N.Y.2d 373, 795 N.Y.S.2d 2d 502 (2005) ...........................................................10

<u>Mehlman v. 592-600 Union Avenue Corp.</u>,
     46 A.D.3d 338, 847 N.Y.S.2d 547 (1st Dep't 2007).............................................6, 7

<u>Truck Rent-A-Ctr. V. Puritan Farms 2nd</u>,
     41 N.Y.2d 420 (1977) .............................................................................................10

**<u>CASES</u>**                                                                       **<u>PAGE(s)</u>**

<u>Vermont Teddy Bear Co. v. 538 Madison Realty Co.</u>,
  1 N.Y.3d 470, 775 N.Y.S.2d 765 (2004) ................................................................5

<u>W.W.W. Associate v. Giancontieri</u>,
  77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990) ............................................................5

**<u>STATUTES</u>**

Fed. R. Civ. P. 12(b)(6)..............................................................................................4

36 N.Y. Jur. 2d § 162, at 233 (West 2005) .........................................................8

Defendant, Beazer Homes Corporation ("Beazer"), by its attorneys Pryor Cashman LLP, respectfully submits this Memorandum of Law in Opposition to Plaintiff KG Cornwall, LLC's ("KG") Motion for Leave to Amend the Complaint.

## PRELIMINARY STATEMENT

When this Court granted Beazer's motion for summary judgment dismissing KG's claims for conversion, misrepresentation and concomitant damages of $5 million, KG was left with a simple claim of breach of contract and an express contractual limitation of remedies to the contract deposit. As a result, KG has now moved for leave to amend its Complaint by adding completely revised causes of action, based on essentially the same underlying facts. Although KG originally claimed that it was entitled to liquidated damages under the parties' agreement, it now seeks $3,485,000 in "actual" damages or, alternatively, specific performance of the agreement.

Neither of these newly sought remedies is available to KG, however, because the parties' agreement expressly bars any remedy to KG in the event of Beazer's breach *other* than retention of Beazer's contract deposit, which is KG's "sole and exclusive remedy." In an attempt to get around its clear and express agreement to limit its recovery if Beazer defaulted, KG argues that the liquidated damages provision is an unlawful penalty. KG's argument fails for a number of reasons. First, the Court should not enable KG to renege on its agreement to limit its remedies by taking KG's invitation to rewrite the parties' agreement, which, as the Court has recognized, was negotiated at arms' length by sophisticated real estate practitioners. Second, KG's argument that the liquidated damages provision is a penalty rings hollow, where KG would be receiving the damages, not paying them. Third, the liquidated damages clause here is entirely proper,

and KG has not demonstrated that it is an unlawful penalty, because potential damages in the case of Beazer's breach were not readily ascertainable at the time the parties entered into the agreement, and the liquidated sum is not disproportionate to any actual loss.

The remedies KG seeks to pursue are barred as a matter of law, and permitting KG to amend its Complaint would be futile. Accordingly, KG's motion for leave should be denied.

## FACTS

### The Underlying Transaction

KG and Beazer entered into an Agreement of Sale, dated as of May 31, 2005 (the "Agreement"), by which KG was to sell Beazer a tract of land in New Windsor, New York (the "Property"). See Affirmation of Burton I. Dorfman, dated April 29, 2008 ("Dorfman Aff."), Ex. E. Pursuant to § 2 of the Agreement, Beazer deposited a Letter of Credit in the amount of $150,000 (the "LOC" or the "Deposit") into escrow with Mr. Dorfman and his firm, Knoebel & Conway, L.L.P. See id.§§ 2, 21.

Section 7 of the Agreement provides:

> **Buyer's Default**. Should Buyer violate or fail to fulfill and perform any of the terms or conditions of this Agreement after thirty (30) days' written notice from Seller (or ten (10) days' written notice in the event of a monetary default), then *the Deposit shall be retained by Seller as Seller's sole and exclusive remedy for such breach as liquidated damages.*

Id. (emphasis added).

KG set a time of the essence closing for February 21, 2007, but could not convey title consistent with the requirements of the Agreement at that time. Accordingly, Beazer terminated the Agreement and demanded that KG return the Deposit.

**KG's Original Complaint**

KG commenced this action by Complaint, dated March 14, 2007.  Dorfman Aff.
Ex. B.  The Complaint contains four "Counts."  In the First and Second Counts, KG
claims that Beazer breached the Agreement by, among other things, failing to renew the
LOC when the LOC expired in October 2006, and demands judgment in the amounts of
$150,000 and $5,000,000, plus costs and attorneys' fees.  Id. ¶¶ 24-33.  In the Third
Count, KG claims that Beazer "converted" the Deposit, and in the Fourth Count, KG
asserts a claim of "misrepresentation."  Id. ¶¶ 34-42.

**This Court Granted Summary to Beazer on the Second, Third and Fourth
Counts**

Beazer moved for partial summary judgment dismissing KG's claims for
conversion and misrepresentation and its claim for damages in excess of the Deposit, and
KG cross-moved for summary judgment in its favor on all claims.  By Memorandum and
Decision dated February 28, 2008 (the "Decision"), this Court granted Beazer's motion in
its entirety, finding that "[t]he facts do not support a finding of mutual mistake or fraud or
overreaching, which would allow this Court to reform the documents by imposing a new
duty to renew the Letter of Credit or alternatively, to pay the Deposit, in cash, and Buyer
is not found to be in default for failing to do so."  Dorfman Aff. Ex. C, at 3.   The Court
also denied KG's motion for summary judgment in its entirety.  Id. at 5.

**The Proposed Amended Complaint**

KG's proposed Amended Complaint contains new allegations regarding the
terms under which KG acquired the Property and its purported performance of its
obligations under the Agreement with Beazer.   It contains two new causes of action,
namely:  a new First Count, asserting a claim for breach of contract and demanding

"actual" damages of $3,485,000, and a new Fifth Count, which demands specific performance of the Agreement in the alternative to actual damages. See Dorfman Aff. ¶ 4. Further, despite expressly acknowledging that this Court has already granted Beazer summary judgment dismissing the Second, Third and Fourth Counts, KG nonetheless has included them in the proposed Amended Complaint. See Dorfman Aff. ¶ 5.

## ARGUMENT

## KG's PROPOSED AMENDMENTS ARE FUTILE

In demanding "actual" damages of $3,485,000 or, alternatively, specific performance, the new First and the Fifth Counts of the proposed Amended Complaint seek remedies that are expressly precluded by the Agreement. Section 7 of the Agreement expressly provides that KG's "sole and exclusive remedy" if Beazer defaults is to retain the Deposit. Dorfman Aff. Ex. E, § 7. KG is thus barred as a matter of law from asserting the claims contained in the proposed new First and Fifth Counts, it would be futile to grant KG leave to amend the Complaint, and KG's motion should therefore be denied. See Crowley v. Vision Maker, LLC, 512 F. Supp. 2d 144, 154 (S.D.N.Y. 2007); Collins v. Goord, 438 F. Supp. 2d 399, 421-22 (S.D.N.Y. 2006) (proposed amendment is futile where it would not withstand motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

KG urges the Court to nullify the limitation of remedies clause based on the theory that it is a "penalty." KG's argument fails for two reasons. First, the limitation of remedies clause, negotiated and agreed to by "sophisticated real estate practitioners" on both sides, is a clear expression of the parties' mutual intent and agreement, which should not be disturbed by this Court. Second, the limitation of remedies clause is not an

4

unlawful penalty, particularly where KG would be the beneficiary of the provision, not the party upon whom liquidated damages would be imposed.

**A.    The Court Should Not Disturb The Clear and Unambiguous Agreement of the Parties**

A fundamental principle of the New York law of contracts is that, "when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms." W.W.W. Assoc. v. Giancontieri, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (1990) (citation omitted).  This rule is particularly applicable "[i]n the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length." Vermont Teddy Bear Co. v. 538 Madison Realty Co., 1 N.Y.3d 470, 475, 775 N.Y.S.2d 765, 767-768 (2004), quoting Wallace v. 600 Partners Co., 86 N.Y.2d 543, 548, 634 N.Y.S.2d 669, 671 (1995).   In such circumstances, "the court should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include," and "courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing." Id. (citations omitted).

As this Court itself observed in the Decision, the Agreement was "drafted by experienced real estate practitioners."  Decision, Dorfman Aff. Ex. C, at 3.  Its language regarding the one and only remedy available to KG could not be more clear, complete or unambiguous, providing *both* that the Deposit is KG's "sole" *and* "exclusive" remedy. Agreement, Dorfman Aff. Ex. E, § 7.   This language dispositively evidences the parties'

mutual intent and agreement that KG's remedy for Beazer's breach, if it occurred, would be no more, no less and nothing other than the Deposit.

New York courts have consistently upheld and enforced virtually identical provisions.  See e.g., Fishman v. Bricker, 211 N.Y.S.2d 620 (1961) (vendor precluded by limitation of remedies provision from seeking specific performance or bringing action for damages);  Emptage & Assocs. v. Cape Hampton, LLC, 19 A.D.3d 536, 537, 799 N.Y.S.2d 525, 526 (2d Dep't 2005) ("Parties to a contract for the sale of real property may agree, as they did here, to restrict the liability resulting from a breach, or may agree that no damages will be payable at all once the status quo ante has been resolved.");  Hematian v. Byung Wha Yoo, 148 A.D.2d 675, 677, 539 N.Y.S.2d 424, 426 (2d Dep't 1989) (provision limiting purchaser's remedy in event of seller's default to action for money damages precluded purchaser's demand for specific performance).

Two recent decisions by the Appellate Division, First Department, are particularly instructive.  In Gindi v. Intertrade Internationale Ltd., No. 2644, 116716/05, 2008 WL 1868360 (1st Dep't Apr. 29, 2008), when the seller of real property could not deliver insurable title at closing, the purchaser sought specific performance, ultimately moving for summary judgment on the claim.  The court denied the purchaser's motion based on the contract's limitation of remedies clause, which provided that the "sole obligation of the seller" if it could not convey good and marketable title, "shall be to refund to the purchaser the deposit made hereunder and to reimburse the purchase[r] for the 'net cost of title examination."

Similarly, the contract at issue in Mehlman v. 592-600 Union Ave. Corp., 46 A.D.3d 338, 847 N.Y.S.2d 547 (1st Dep't 2007), expressly limited the buyer's remedies,

in the event the seller could not convey clear title, to either purchasing the property as is, or canceling the contract and receiving a refund of the down payment.  Id. at 339, 847 N.Y.S.2d at 549.  When the seller was unable to clear several judgments against the property, it notified the purchaser that it was required to exercise one of these options. The purchaser rejected these limitations, however, and commenced an action for specific performance of the contract.  Id. at 342, 847 N.Y.S.2d at 551.

The motion court granted the purchaser summary judgment on its claim for specific performance.  However, the Appellate Division reversed on the ground that the purchaser's remedies were expressly limited by the contract, neither of which it had elected.  The Court ruled that:  "'When a contract for the sale of real property contains a clause specifically setting forth the remedies available to the buyer if seller is unable to satisfy a stated condition, fundamental rules of contract construction and enforcement require that we limit the buyer to the remedies for which it provided in the sale contract.'"  Id. at 343, 847 N.Y.S.2d at 551, quoting 101123 LLC v. Solis Realty LLC, 23 A.D.3d 107, 108, 801 N.Y.S.2d 31, 31 (1st Dep't 2005).

As in the cases cited above, the parties here bargained for and agreed to a clear-cut limitation of remedies in the event of Beazer's default.  There is no reason whatsoever for the Court to interfere with that agreement.

### B.    The Limitation of Remedies Clause Is Not a "Penalty"

KG contends that it should be granted the opportunity to seek actual damages and specific performance, in spite of the limitation of remedies clause, because, it claims, the Agreement's limitation of remedies is an unenforceable "penalty."  This argument is flawed for at least two reasons.

First, no attempt is being made to enforce the liquidated damages clause *against*

KG, and thus it is difficult to fathom how *KG* could characterize the damages as a

"penalty." The rationale underlying the prohibition against penalties masquerading as

liquidated damages clauses, is that damages are meant to compensate the injured party for

its loss due to the breach, not to punish the breaching party for its default per se.   See 36

N.Y. Jur. 2d § 162, at 233 (West 2005).   It is implicit in this rationale that the party upon

whom the damages provision would be imposed is the party who would be penalized. It

is for this reason that, as in the very cases KG has cited in its brief, challenges to

liquidated damages clauses arise as *defenses*, asserted by the party upon whom they are

imposed, *not* as affirmative claims by the party receiving the damages that the amount is

insufficient.  See Evangelista v. Ward, 308 A.D.2d 504, 764 N.Y.S.2d 705 (2d Dep't

2003); Irving Tire Co., Inc. v. Stage II Apparel Corp., 230 A.D.2d 772, 646 N.Y.S.2d 528

(2d Dep't 1996).

Judge Demarest recently rejected an eerily similar attempt by, the would-be

recipient of liquidated damages, to seek additional remedies barred by the contract.

Like the Agreement at issue in this case, the commercial real estate contract in 195

Lombardy Street, L.L.C. v. McCarthy,  13 Misc. 3d 1231(A), 831 N.Y.S.2d 355, 2006

N.Y. Slip Op. 520780 (Sup. Ct. Kings Co. 2006),  provided for the plaintiff purchaser to

make a deposit in escrow, with the balance to be paid at closing.  Id. at 1.   The contract

provided that, if the defendant refused to close title or was otherwise in default, the

plaintiff's "sole remedy shall be the return of the down payment and to obtain five

thousand dollars ($5,000), as liquidated damages . . . and then neither party to this

agreement shall have any further rights or obligations hereunder."  Id. at 2.

The defendant ultimately did refuse to close, whereupon it directed the release of the escrowed down payment to the plaintiff and sent the plaintiff a check for the additional amounts prescribed in the liquidated damages provision.   The plaintiff refused these payments, and instead brought an action for specific performance or, in the alternative, for compensatory and punitive damages.  The plaintiff, like KG here, argued that it should be entitled to seek these remedies on the ground that the liquidated damages provision was an unenforceable penalty.  Id. at 2..

Rejecting plaintiff's argument, the court first pointed to the parties' express agreement to the limitation of remedies, stating that:

> Plaintiff knew of the possible consequences of defendant's default when it executed the contract.  Plaintiff made its bargain with defendant openly and fairly and, by its own agreement, limited its damages in the event of defendant's default, without qualification, to those solely provided for as liquidated damages under the terms of the contract. . . . The amount of liquidated damages stated and agreed to by the parties in section 10(B) of the contract was "the product of an arms-length transaction between sophisticated businessmen, ably represented by counsel." Thus, the parties, having freely bargained for the inclusion of an exclusive liquidated damages clause and agreeing to be limited to the amount of liquidated damages set by them in section 10(B) of the contract, should be held to that bargain.

The court rejected the argument for the further reason that the plaintiff, as the recipient of the liquidated damages, could not claim that the clause constituted a penalty, stating:

> Moreover, *contrary to plaintiff's argument, liquidated damages clauses have never been characterized as a penalty to the party receiving the liquidated damages* . . . .
>
> Here, plaintiff is not the party which would be required to pay these liquidated damages or who is being compelled to perform due to the amount of these liquidated damages;

> rather, plaintiff is the party which would receive these
> damages from defendant. *Plaintiff claims only that it
> would be penalized by receiving from defendant the very
> amount of damages for which it bargained in the event of
> defendant's default. Plaintiff cannot avoid this limitation
> and seek such additional damages. It is not entitled to any
> more than the liquidated sum to which it agreed when it
> executed the contract.*

Id. at 3-4 (citations omitted; emphasis added).

KG's argument that it should be permitted to seek actual damages or specific performance fails for the additional reason that, even if KG could properly attack the liquidated damages provision as a penalty, there is no basis for finding that it is one.

Pursuant to the applicable case law, the party seeking to avoid liquidated damages bears the burden of showing that they are in fact a penalty. See JMD Holding Corp. v. Congress Fin. Corp., 4 N.Y.2d 373, 380, 795 N.Y.S.2d 2d 502, 507 (2005). To do so, the party must demonstrate "either that damages . . . were readily ascertainable at the time [the parties] entered into [their contract], or that the [liquidated damages] is conspicuously disproportionate to these foreseeable losses." Id. at 381, 795 N.Y.S. at 507. Otherwise, the liquidated damages provision should be sustained "if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." Truck Rent-A-Ctr. V. Puritan Farms 2nd, 41 N.Y.2d 420, 424 (1977). A liquidated damages clause will be found reasonable "even though the stipulated sum may be less than the actual damages sustained by the injured party." See, e.g., J.F. Stevenson Corp. v. County of Westchester, 113 A.D.2d 918, 921, 493 N.Y.S.2d 819, 823 (2d Dep't 1985).

10

Here, KG has not established that its "actual" damages in the event of Beazer's breach were readily ascertainable at the time the parties entered into the Agreement and that such readily ascertainable damages were inordinately disproportionate to the liquidated damages sum. Of the $3,485,000 in "actual" damages it claims it has sustained, $3 million constitutes the price KG paid for the Property, pursuant to a completely separate, freestanding agreement that pre-dated the Agreement with Beazer. In exchange for the $3 million, of course, KG obtained the Property, which it has admitted it still owns and as to which it has never alleged a current value. Accordingly, it cannot claim that it has been "damaged" in the full amount (or, most likely, any part) of the purchase price, or, importantly, that there was any way to predict at the time the parties entered into the Agreement what loss (or gain) there would be in value of the Property, if any, if Beazer defaulted at some unknown point in the future. In agreeing on the liquidated damages sum, the parties placed a reasonable estimate on damages that were not readily ascertainable.

The remaining $485,000 of "actual" damages claimed by KG are attributable to its claimed expenditures improving the Property, pursuant to its obligations under the Agreement. Again, KG has not established that these costs were ascertainable when the Agreement was executed and that they were so disproportionate to the liquidated sum as to render it unconscionable.

## CONCLUSION

For the foregoing reasons, defendant Beazer respectfully requests that the Court deny KG's motion for leave to amend its Complaint by adding a new First Cause of Action seeking "compensatory" damages for breach of contract and a new Fifth Cause of

Action seeking specific performance and that it award Beazer such other and further

relief as is just and proper, including without limitation entry of judgment dismissing the

Complaint.

Dated:  New York, New York
May 20, 2008

                                              Respectfully submitted,

                                              PRYOR CASHMAN LLP

                                              By: _____
                                              Eric D. Sherman
                                              Luisa K. Hagemeier
                                              lhagemeier@pryorcashman.com
                                              410 Park Avenue
                                              New York, New York 10022
                                              (212) 326-0862