UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KG CORNWALL, LLC.                                    Index No. 07 Civ. 2881 (CLB)

        Plaintiff,

    -against-

BEAZER HOMES CORP.

        Defendant.

------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

                Dorfman, Knoebel, Conway,

                Fury & Griffin, LLP.

                51 North Broadway

                Nyack, New York 10960

                *Attorneys for Plaintiff KG Cornwall, LLC.*

# TABLE OF AUTHORITIES

| | |
|---|---|
| Fed. R. Civ. P. 15 | 1 |
| 195 Lombardy Street, L.L.C. v. McCarthy, 13 Misc. 3d 1231, 831 N.Y.S.2d 355 | 4 |
| Evangelista v. Ward, 308 A.D.2d 504, 764 N.Y.S.2d 705, 706 | 2, 4 |
| Irving Tire Co., Inc. v. Stage II Apparel Corp, 230 A.D.2d 772, 646 N.Y.S.2d 528 | 1, 3 |
| JMD Holding Corp v. Congress Financial Corporation, 4 N.Y.2d 373, 795 N.Y.S.2d 505 | 4 |
| Truck Rent-A-Center v. Puritan Farms 2nd, 41 N.Y.2D 420, 425, 393 N.Y.S. 2d 365 | 3, 4 |

## PRELIMINARY STATEMENT

Defendant's have failed to set forth any reason why Plaintiff KG Cornwall, LLC. should not be granted leave to amend to serve an Amended Complaint (Rule 15(a), Federal Rule of Civil Procedure) (Exhibit "A").

Clearly in light of the findings of this Court in its Memorandum Decision (Exhibit "C") regarding the liquidated damages provision of the Contract between Plaintiff and Defendant provided for a letter of credit that expired by its terms prior to closing or liquidated damages of nothing (Exhibit "E"). This liquidated damages clause based upon the Court's finding, certainly was not "…a reasonable measure of the probable actual loss in the event of a breach…" (Irving Tire Co., Inc. v. Stage II Apparel Corp, 230 A.D.2d 772, 646 N.Y.S.2d 528). Therefore, Plaintiff should be granted leave to file an Amended Complaint.

Plaintiffs have served and submitted on behalf of the instant motion an Amended Complaint that contains allegations regarding the terms upon which Plaintiff acquired the property and Plaintiff's compliance with the contract between Plaintiff and Defendant. The Amended Complaint contains a new First Count for breach of contract, demanding damages of $3,485,000 and specifically alleging in paragraph "43" of the First Count of the Amended Complaint that "…the sum of liquidated damages set forth in paragraph "7" was disproportionate to the actual damages incurred by Plaintiff, that were in fact ascertainable at the time of the execution of the Agreement'. The Amended Complaint also contains a new Fifth Count for Specific Performance.(Exhibit "A").

Defendant's arguments should be preserved for discovery, future motion practice after and Trial after Defendant's answer is served. Defendant's arguments

regarding experienced lawyers is not an issue with respect to Plaintiff's motion to amend and clearly all of the cases cited by Plaintiff where liquidated damages are nullified had experienced lawyers drafting the original contracts.

Defendants argument regarding the legal issue as to whether a party "to whom liquidated damages would be awarded" could seek to nullify a liquidated damages clause is simply incorrect (Evangelista v. Ward, 308 A.D.2d 504, 505, 764 N.Y.S.2d 705, 706).

Defendant's final argument that damages were not ascertainable at the time of contract is simply incorrect. The Contract specifically provided that Plaintiff was a contract vendee. The actual damages for breach of the contract were readily ascertainable and as indicated above, based upon the Court's finding the liquidated damages clause containing a liquidated damages clause that expired by its terms was not "reasonable".

### ARGUMENT

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ASSERT CLAIMS FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE SHOULD BE GRANTED

Plaintiff's motion to amend complaint to assert claims for breach of contract and specific performance should be granted in all respects.

Defendants argument regarding the legal issue as to whether a party "to whom liquidated damages would be awarded" could seek to nullify a liquidated damages clause is simply incorrect. In, Evangelista v. Ward, 308 A.D.2d 504, 505, 764 N.Y.S.2d 705, 706, the Plaintiff as in the case at bar sought recovery of damages for breach in an

amount in excess of the amount they were to receive as liquidated damages. The Court held, "the liquidated damages provision… constitutes an unenforceable penalty";

> …. Although the parties to an agreement may provide for the payment of liquidated damages upon breach of the agreement, such a provision will only be upheld if "the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and * * * the actual loss suffered is difficult to determine precisely

The Court in Evangelista, supra. in reliance on Truck Rent-A-Center v. Puritan Farms 2nd, 41 N.Y.2D 420, 425, 393 N.Y.S. 2d 365, correctly held as this Court should in accepting the amendment to the Complaint proposed in the case at bar, "…the liquidated damages clause is unenforceable since the damages fixed are plainly disproportionate to the injury, and the plaintiff's loss is susceptible of calculation…" (308 A.D.2d at 505).

In the case at bar, this Court in its Memorandum Decision found that the $150,000.00 letter of credit that was the contract deposit referred to in the liquidated damages clause expired by its own term. Clearly this liquidated amount was not "reasonable". Furthermore, on the date of the execution of the Agreement to sell to Beazer for $10,170,000 (Exhibit " E ") damages were "ascertainable", KG was disclosed to as a contract vendee in the contract between Plaintiff and Defendant. Plaintiff was under contract to purchase the property for $3,000,000 (Exhibits "A"," F", "G"."H", and "I").

KG clearly had ascertainable damages on the date of the execution of the Agreement in excess of the $150,000 letter of credit that this Court acknowledged had lapsed in its Order granting partial summary Judgment (Exhibit "C"). The amount fixed for liquidated damages clearly was not a "reasonable measure of the

probable actual loss".

Defendant's reliance on <u>195 Lombardy Street, L.L.C. v. McCarthy</u>, 13 Misc. 3d 1231 (A), 831 N.Y.S.2d 355, where the lower court clearly misconstrued the law and ignored the earlier holding in <u>Evangelista, supra.,</u> by incorrectly holding "…contrary to plaintiff's argument, liquidated damages clauses have never been characterized as a penalty to the party receiving the liquidated damages, but only…to the party who must pay such damages.."

Defendants as well as the lower Court's findings and conclusions of law in <u>195 Lombardy Street, supra.</u> misinterpreted the holdings of <u>JMD Holding Corp v. Congress Financial Corporation</u>, 4 N.Y.2d 373, 828 N.E.2d 604, 795 N.Y.S.2d 505.

The Court of Appeals in <u>JMD Holding, supra.</u> held the burden of "…the party seeking to avoid liquidated damages…" as the Plaintiff in the case at bar must "…show that the stated liquidated damages are in fact, a penalty…." (4 N.Y.2d at 380). The Court went on to state that in the event the liquidated damages is an "unenforceable penalty" as in the case at bar "…recovery is limited to actual damages proven (<u>Brecher v. Laikin</u>, 430 F.Supp 103, 106 [S.D.N.Y. 1977]…the rest of the agreement stands and the injured party is remitted to the conventional damage remedy for breach of that agreement, just as if the provision had not been included" (4 N.Y.2d at 380).

The Court of Appeals in <u>JMD Holding, supra.</u> as the Appellate Division in <u>Evangelista, supra</u>, relied upon the long standing case law forth by the Court of Appeals in <u>Truck Rent-A-Center v. Puritan Farms 2nd,</u> 41 N.Y.2D 420, 425, 393 N.Y.S. 2D 365, "…if the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced …" (4 N.Y.2d at 380).

4

## CONCLUSION

Plaintiff's motion to amend complaint should be granted in all respects.

Dated: May 27, 2008
      Nyack, New York

_____
KEVIN CONWAY (KG3347)
DORFMAN, KNOEBEL,
CONWAY, FURY &
GRIFFIN, LLP.
51 North Broadway
Nyack, New York 10960
(845)353-3529
ATTORNEYS FOR PLAINTIFF

TO; ERIC D. SHERMAN
     LUISA K. HAGEMEIER
     PRYOR, CASHMAN, LLP
     410 Park Avenue
     New York, New York
     (212)421-4100
     Attorneys for Defendant